ULRICH GEHR, Plaintiff in Error, *v.* JAMES HAGERMAN, Defendant in Error.

ERROR TO TAZEWELL.

In an action to recover money paid on an agreement to purchase land, evidence is proper which shows that after the purchase and until the commencement of suit, the party claiming the money had been cutting and removing timber from the land bargained for, and otherwise using it.

Whoever seeks to rescind a contract of sale must restore or offer to restore the property, in its original condition, before he can reclaim the money paid upon it.

If a judgment has been recovered against the party who desires to rescind a contract for land, the judgment should be satisfied, or the judgment lien removed, before he can succeed.

An instruction which states what acts a party must do before he can rescind a contract is erroneous; it should state the law of the case, leaving the facts to the jury.

THIS was an action of assumpsit brought by plaintiff in error against defendant in error, and tried before HARRIOTT, Judge, and a jury, at June term, 1860, of the Tazewell Circuit Court.

The declaration contained the common money counts.

Defendant filed a plea of the general issue, and three special pleas.

Second plea averred that the money was paid by plaintiff for

purchase of land of defendant, and that defendant delivered possession to plaintiff, and that the deed was to be made at the convenience of the parties, and that the defendant made a deed and tendered it.

The third plea avers that the money was paid plaintiff as the purchase money of certain land sold by defendant to plaintiff, and that the equitable interest vested in plaintiff, and that judgments were obtained against plaintiff, which were a lien upon the said land for a greater amount than the sum of money claimed from defendant.

The fourth plea avers that one James Hamson had obtained a judgment against said plaintiff to the amount and value of the land so sold to said plaintiff, which judgment was then a lien upon said premises, and was then subject to sale to satisfy said judgment, and that said judgment so remained a lien long after the commencement of this suit, and long after the making and tendering the deed, during all of which time plaintiff was sole possessor of the land.

Plaintiff below proved the purchase of ten acres of timber land of the defendant, for two hundred dollars, one hundred of which he paid in hand and took a receipt therefor, and that he gave two notes for the remainder of the purchase money. There was proof showing that plaintiff had cut and removed timber from this land.

There was also proof tending to show a demand for a deed, and that defendant delayed making it.

A witness testified that some time in January, 1860, he saw defendant at plaintiff's house, when defendant told him he had made him a deed to the timber lot, and handed a deed to the plaintiff. Plaintiff said he did not want the deed then; that he was going to leave that part of the country, and the lawyers would settle it, and asked defendant why he had not made the deed before. Defendant said he had so much to attend to that he neglected it; did not know what kind of a deed it was, it was not opened. The deed hereafter mentioned was then shown to witness; he thought it was the same.

The defendant then offered in evidence a general warranty deed from defendant to plaintiff for S. E. S. W. N. E. of 7, 23, 4, dated February 1st, 1860. To the reading of which in evidence the plaintiff objected, because it was executed subsequent to the commencement of this suit, and because it is not shown to have been the same land bargained for; which objections were overruled, and exceptions taken.

The defendant then offered in evidence a judgment recovered by James Hamson against plaintiff, for $444.20, recovered at February term, 1859, which was satisfied; to the reading of

which, plaintiff duly objected and excepted; which was all the evidence.

At the request of defendant, the court gave the following instructions to the jury:

If the jury believe, from the evidence, that Gehr purchased the timber land of Hagerman and took possession of the same, and cut and took timber from it, and used the timber and land up to the time of the commencement of this suit, he could not rescind the contract and recover the purchase money until he had first returned the possession to Hagerman, and placed him in the same condition that he was when the contract was made; and unless they believe, from the evidence, that Gehr did, before we commenced his suit, return or offer to return the possession of the land to Hagerman, in the same condition as it was when received by him under the contract, they will find for the defendant.

Unless the jury believe, from the evidence, that Gehr, at the time he commenced his suit, had done everything the law required him to do to rescind the contract, they will find for the defendant.

That a judgment under the law is a lien upon the real estate, both legal and equitable, of the judgment debtor, from the last day of the term at which the judgment was rendered, in the county where the judgment was rendered; and that if they believe, from the evidence, that the contract attempted to be rescinded was for the land in Tazewell county, and that the defendant paid for it and took possession of it in the county of Tazewell, where the judgment was rendered, and that if they further believe that at the commencement of this suit there was an unsatisfied judgment against Gehr in the Circuit Court of the said Tazewell county, where the land was situated, then the judgment so rendered was a lien upon the land in question, and Gehr could not, while it existed, place Hagerman, as to the land, as when the contract was made, and they will find for the defendant.

If the jury believe, from the evidence, that Hagerman offered to convey, or tendered a deed to Gehr to a tract of land, and Gehr did not object to it for the reason that it was not the tract of land sold and designed to be conveyed, it is a circumstance from which the jury may infer that the deed described the land intended to be purchased and conveyed to Gehr.

The jury are instructed that, in law, possession of land is evidence of title in fee, and that if they believe, from the evidence, that Hagerman had possession of, and used and exercised ownership over the land which he sold to Gehr, and put Gehr in

possession of, then the possession of Hagerman is evidence of his title to the same.

To the giving of which instructions the plaintiff at the time excepted. Jury found for defendant.

Plaintiff moved for a new trial, because the court gave improper instructions for defendant, and refused proper instructions for plaintiff, and admitted improper and irrelevant evidence; which motion was overruled, and exceptions taken.

ROBERTS & IRELAND, for Plaintiff in Error.

B. S. PRETTYMAN, for Defendant in Error.

WALKER, J. It is urged that the court erred in receiving evidence that plaintiff had used the land in controversy, from the time of the purchase until the commencement of the suit, by cutting and removing farm timber and fire wood. If this evidence was legitimate for any purpose, then it was properly received. The grounds of recovery relied upon were, that plaintiff had rescinded the contract of purchase, and to rebut that presumption the evidence was proper for the consideration of the jury. The plaintiff, before he could rescind, was bound to restore the property, or at least offer to restore it to the defendant, after having performed, or offered to perform, his part of the agreement. As he at no time offered to restore the land, or declared the contract rescinded, it could only be determined from the circumstances, whether such was his design, and for that purpose, this was proper evidence. If he used and enjoyed the land as his own, it tended to rebut the presumption that he had any such intention.

The evidence fails to disclose any such intention prior to the institution of this suit. The fact that he sued to recover back the purchase money, his abandoning the use of the land and a refusal to receive a deed, if distinctly manifested before suit was brought, would establish a design to rescind the contract. But if he used the land up to the time the suit was instituted, that fact would go far to rebut the presumption of such a design. Usually before a party can rescind a contract, he must restore, or offer to restore, what he has received on the contract, and place the opposite party in the same situation as he was at the time the agreement was entered into by the parties. A party has no right to claim all the benefits of the contract, and at the same time insist that it is rescinded. If the use of this land by appellant continued up to the time he instituted this suit, it unexplained, would preclude him from insisting that there had been a rescission.

29

Again, after the purchase was made, one Harrison recovered a judgment in the Tazewell Circuit Court, against Nicodemus, and plaintiff in error, which became a lien upon the land in controversy. If that judgment remained unsatisfied at the time a rescission of the contract was attempted, it being a lien upon the land, and it being liable to be sold under this judgment, plaintiff in error was not in a position to insist upon a rescission, and any such attempt was unavailing. Or if by the use of the land, he had destroyed its value by appropriating the timber to his use, and it had thereby become of no other or of but little value, then he procured the benefit of his contract, and could not rescind and abandon the agreement. These are questions for the jury, and must be determined from the evidence.

The court erred in giving the second of the defendant's instructions. It was too general, and left the jury to determine what acts the law required the plaintiff to perform, before he could rescind the contract. It is the province of the court to instruct the jury as to the law, and for the jury to find the facts. This instruction leaves the jury to find both the law and the facts. It should have informed the jury what acts the law required the plaintiff to perform, before he could insist upon a rescission, and left the jury to find whether the evidence proved their performance. For this error the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*