# E. W. DUTCHER
## *v.*
## CHARLES H. BECKWITH.

1. PAYMENT — *agency.* Where a person makes a payment to a third person on an account due another, he is bound to know that the person to whom he pays is authorized to receive it.

2. The sending of a copy of an account by a creditor through the post-office to a third party, of itself, does not constitute the latter an agent for the collection of the claim.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The facts sufficiently appear in the opinion.

Messrs. STORRS & JOHNSTON, for the appellant.

Messrs. TYLER & HIBBARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Charles H. Beckwith, in the Superior Court of Chicago, against Elisha W. Dutcher, to recover the price of a bill of groceries delivered to him. It appears that F. W. Dutcher, appellant's brother, acting as his agent, went to appellee's store in Chicago with one Aaron W. Pitts, a customer of appellee, and purchased for appellant a bill of groceries amounting to $149.40, and Pitts guaranteed the payment. The goods were charged to appellant on the books of appellee, and the agent saw the entry made. It appears that Pitts purchased of appellee a bill of goods at the same time appellant received his goods.

Soon after the sale, Pitts received the two bills for the goods, inclosed to him in an envelope, one for his and the other for appellant's goods. Soon after the bills were received, Dutcher was at Pitts' hotel, in Dixon, when the latter handed the former the bill for his goods, and stated to him that it had been sent to him for collection. Appellant paid the amount of the bill to Pitts. It appears that the envelope contained nothing but the two bills. The case was tried by the court, a jury having been waived by consent of parties. The court found the issues for plaintiff below. A motion for a new trial was entered, and was overruled by the court, and judgment was rendered against defendant, and he brings the case to this court to reverse the judgment.

There is no pretense, that appellee ever conferred upon Pitts any other authority to collect the debt than by sending the bill for appellant's goods to him. But appellant insists, that the mere delivery of the bill through the post-office, constituted him his agent for the collection of his debt, without other or more ample authority. And the case is likened to the payment of money by the maker of a bond, bill or note, to the holder, when it will be presumed that he had authority to receive the money, and the owner of the instrument will not be permitted to question his authority.

According to commercial usage, such instruments are bought

and sold by mere delivery, so as to vest in such a holder the beneficial interest. Hence, the mere possession of such instruments is evidence of ownership of the beneficial interest. It therefore follows, that a payment to any holder, without notice that it is wrongful, will protect the maker. But it is not so with mere accounts. The fact, that a person has the copy of an account against another person is no evidence that he is the owner, nor is it any evidence of authority to collect it.

It is, however, asked, why did appellee send this bill to Pitts, if he did not intend he should collect it, as his agent? It seems to us, the answer is obvious. Pitts had guaranteed the payment, and appellee, no doubt, intended it as a notice to him, that the time for payment had elapsed, and that, if he desired to discharge himself from liability for its payment as guarantor, he should see to it that it was paid. No reason is perceived, why either Pitts or appellant should have supposed, that the mere possession of the bill could confer authority to collect the money. It was appellant's duty to know that the person to whom he paid the money had authority to receive it. Failing to do so, the payment was at his own risk. We perceive no error in this record, and the judgment must be affirmed.

*Judgment affirmed.*