# JOHN A. TEMPLETON

v.

# GEORGE E. HAYWARD.

1. PLEADING—*assignment of a note—how put in issue.* In an action of assumpsit on a promissory note, a plea of non-assumpsit verified by affidavit does not, under the statute, put in issue the assignment of the note, but merely the execution of the note. To raise such an issue the defendant should, under the general issue, state in an affidavit attached thereto, specifically, that the payee did not assign the note, or that the signature to the assignment was not his.

2. SAME—*presumption.* Until the assignment is thus questioned the fact that the name of the payee is apparently attached thereto is sufficient, and it must be presumed the signature is genuine.

3. While it may be usual in executing instruments by corporations, for the officer or agent to sign his name under that of the company as evidence that the contract is executed by the person having authority, still such a signature is not essential. And in an action on a promissory note by an assignee against the maker, where the payee is a corporation, if the declaration avers that the company, by the name employed, assigned the note, until questioned in a legal manner it will be presumed that the assignment was valid.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This action was brought by Hayward against Templeton, on the following promissory note: Monmouth, Ill., Nov. 27th, 1869. Nine months after date for value received I promise to pay to the Queen of the Harvest Manufacturing Company, or bearer, six hundred dollars, at the 1st National Bank of Monmouth, Ill.

$600.00.                    JOHN A. TEMPLETON.

On the back of the note was the following indorsement:

Pay to the order of George E. Hayward, Queen of the Harvest Manufacturing Co., without recourse.

Mr. WILLIAM MARSHALL, for the appellant.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellant, on two promissory notes. On a trial in the court below the jury found the issues for the plaintiff, and assessed his damages at the amount of the notes and interest. A motion for a new trial was entered but was over-ruled by the court, and a judgment was rendered on the verdict. This appeal is prosecuted to reverse the judgment. It appears that on the trial in the court below plaintiff entered a *nolle prosequi* to the second count of his declaration. This only leaves the first count and the note described therein in question.

The plea of non-assumpsit, verified by affidavit, was filed to the first count, and before the note was offered in evidence its execution was satisfactorily proved. But it is objected that the execution of the assignment was not proved before it was introduced in evidence. In this case there was no plea verified by affidavit denying the signature of the assignor of this note. The fifty-ninth section of the practice act, R. S. 421, requires that, to render such proof necessary, there must be such a plea. If the defendant wishes to put in issue the assignment of the note, he should, under the general issue, state in an affidavit attached thereto, specifically, that the payee did not assign the note, or that the signature to the assignment was not his. In this manner the plaintiff can be apprised of the defense relied upon, and can prepare to meet it.

But when the plea of non-assumpsit is filed and an affidavit simply that it is true, the plaintiff can not know from the plea whether it is the signature to the note or to the assignment that is denied. When he proves the execution of the note, then defendant would probably say that he denied the

signature to the assignment. If, on the other hand, the plaintiff only prove the genuineness of the signature to the assignment, the defendant might say he intended to deny the execution of the note, thus rendering it necessary to prove both, when but one is denied. Such a practice would lead to expense and inconvenience, when no beneficial purpose can be subserved. We are therefore of the opinion that the verified plea only put in issue the execution of the note, and on the proof made, the note was properly admitted in evidence. If the common law rule prevailed in this State, then the execution of the assignment should have been proved, but under the statute, as the signature of the payee was apparently attached to the assignment, it was sufficient. The declaration avers that the company, by the name employed, assigned the note. It had the right to adopt that signature, and the declaration avers it did, and if such was the fact then the assignment was valid, and such must be the presumption until it is questioned in a legal manner.

. Whilst it may be usual, in executing instruments by corporations, for the officer or agent to sign his name under that of the company as evidence that it is executed by the person having authority, still such a signature is by no means essential. Were such a body to adopt a peculiar kind of type for the name of the company, and stamp or print instead of writing it, no objection is seen to such a mode of binding the body. In such a case the only inquiry would be, whether the signature was placed there by authority and that it was genuine. Until questioned in the mode prescribed by statute, when it is averred the company used the signature appearing to the instrument for the purpose of giving binding force to the contract, it is *prima facie* good. Perceiving no error in this record the judgment of the court below is affirmed.

*Judgment affirmed.*