# JAMES R. WALKER

*v.*

# ADOLPH KREBAUM.

1. ASSIGNMENT OF NOTE—*sufficiency of indorsement.* A promissory note made payable to the Kalamazoo Manufacturing Corporation, was indorsed as follows: "For value received, I assign this note to Adolph Krebaum, without recourse on Kalamazoo Mfg. Cor:" *Held,* that there was a manifest ellipsis in the form of the indorsement, which, when supplied, as might be done, would be regular.

2. SAME—*authority of person making—how questioned.* Where a note, payable to a corporation, was indorsed with the name of the corporation on its back, it was urged in defense, that it was not shown that the indorsement was made by one having authority: *Held,* that such proof was unnecessary when the assignment was not put in issue by plea verified as required by the statute.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action, by Adolph Krebaum, against James R. Walker, originally commenced before a justice of the peace, and taken by appeal to the circuit court.

On the trial in the latter court, the plaintiff read in evidence a promissory note, given by the defendant to the Kalamazoo Manufacturing Corporation, with the following indorsement thereon:

"For value received, I assign this note to Adolph Krebaum, without recourse on Kalamazoo Mfg. Cor."

The defendant objected to the reading of the note and indorsement in evidence, but the court overruled the objection and defendant excepted. The court then found the issue for the plaintiff, and rendered judgment against the defendant for the sum due on the note, from which he appealed.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Mr. JOHN W. PITTMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The note which is the foundation of this action was made payable to the "Kalamazoo Manufacturing Corporation," and appellee, claiming to be the assignee, brought the suit in his own name. The single question presented is, whether the note is so indorsed as to invest him with the legal title.

There is manifestly an ellipsis in the form of the indorsement, which, being supplied, it would be regular. This may properly be done.

It is urged, however, that it does not appear the name of the corporation was placed on the back of the note by any one having authority. This is a matter of defense, and it was not primarily the duty of appellee to make such proof. The note purports to have been indorsed by the payee, and the assignment not having been put in issue by plea verified as required by statute, it will be presumed it was made by the corporation itself by one having competent authority to use its name for that purpose. *Templeton* v. *Hayward,* 65 Ill. 178.

The judgment is affirmed.

*Judgment affirmed.*