## CHARLES MUDGE

### *v.*

## FRANK W. BULLOCK, Admr., etc.

1. MARRIED WOMEN—*power to indorse note.* Prior to the Married Woman's act of 1861 a married woman, acting for herself, could not legally make, indorse or accept notes or bills. The husband was entitled to all her personal property which she had at the time of the marriage or acquired during coverture. Therefore, a note payable to her or order, in legal effect, was payable to her husband, and, as a general rule, it could be transferred only by him.

2. SAME—*transfer of note by her, with husband's consent, good.* If a married woman, before the act of 1861, indorsed a note payable to her, with her husband's knowledge and consent, or by his authority, or he, after the transfer, ratified the same, the indorsement will be good and pass the legal title.

3. SAME—*husband's authority to indorse note may be implied.* Where a husband left this State for California, leaving his wife in charge of his farm and to manage the same, and during his absence the wife sold a horse, taking a note, payable to herself, for the price, and indorsed the same to a creditor of the husband in payment of his debt, and the husband, on his return, approved the same, it was *held*, that the wife's indorsement could be sustained on two grounds, an implied authority from her husband, and his subsequent ratification.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. HENRY GUNN, and Mr. R. D. McDONALD, for the appellant.

Mr. E. F. BULL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question presented by this record is, whether the indorsement of the note by Mary Dixon, the payee, transferred the legal title of the instrument to appellee. The note in question was executed and indorsed in 1857, when, under the common law, a married woman could not, acting for herself, legally make, indorse or accept notes or bills. 1 Parsons on Notes and Bills, 78. The husband of a married woman was entitled to all the personal property of the wife which she had at the time of marriage or that she might acquire during coverture. A promissory note, therefore, made payable to a married woman or her order, in legal effect was payable to the husband, and, as a general rule, a transfer of such an instrument could only be made in the name of the husband. *Miller* v. *Delamater*, 12 Wend. 433; Chitty on Bills, 25.

But, while the legal title of the note in question was in the husband of Mary Dixon, yet, if he authorized her to indorse the note in her own name, or if, after the indorsement was made and he was informed of it, he ratified and confirmed the act, this would be binding, and the title to the note would pass as effectually as if the indorsement had been made by the husband in person.

Upon this question, Parsons on Notes and Bills, vol. 1, page 81, says: " But it is a familiar principle that a man, either in his general dealings or in a particular transaction, may adopt whatever name he chooses and he will be bound accordingly. If, therefore, a husband should put his wife's name to a note given on his own account, he would be considered as having adopted his wife's name *pro hac vice*, and would be liable on the note. Upon the same principle, if the husband clearly authorizes his wife to give notes on his own account and sign her own name, and she does so, he will be liable. Therefore, if the wife executes a note for her husband, in his presence, and signs her own name merely, with his knowledge and consent, he will be bound. So, if the wife signs in this form, and afterwards the husband, upon being informed of it, ratifies

and confirms the act, this will be equivalent to a prior authority."

In *Pristwick* v. *Marshall*, 7 Bingham, 565, where a bill of exchange was drawn and indorsed by a married woman and in her name, it was held, as the indorsement was made with the knowledge and by the authority of the husband, the title to the bill passed by the indorsement.

In *Cotes* v. *Davis*, 1 Campb. 485, where an action was brought by the indorsee against the maker of a promissory note payable to a Mrs. Carter or order, and indorsed by her in her own name, on the trial it appeared that the note, with the indorsement thereon, was presented to the defendant, who said it would be paid in a few days. The proof, however, showed that Mrs. Carter was the wife of one Cole, who was still living. Lord Ellenborough said the jury might presume that her husband authorized her to indorse notes by the name in which she herself passed in the world, and that the defendant was estopped from contesting her authority for this indorsement.

While it is true, in the decision of the question, prominence was given to the fact of the promise of the defendant to pay the note when presented, yet the decision clearly establishes the principle, that the authority of a married woman to indorse a note may be presumed from the circumstances surrounding the transaction.

The same principle is announced in *Miller* v. *Delamater*, *supra*, where the question involved was similar to the one presented by this record.

In this case, as appears from the evidence introduced on the trial, Thomas Dixon, the husband of Mary Dixon, went to California in 1852 and remained there for about two years. He left his wife in charge of the farm, and while he gave her no express authority to take notes in her own name and indorse them, she did have authority to manage the farm and to do all acts necessary to a proper management of such business as might arise. In the discharge of this business Mary Dixon sold a horse that belonged to her husband, and received the note in payment of the same. This note she indorsed to

appellee to pay a debt of her husband which he had contracted before leaving home. Dixon, in his evidence, says: "I wanted the debt paid, and would have done the same thing if I had been at home. I knew of the transaction on my return from California. It was satisfactory to me."

Under the evidence, and in view of the authorities, we are satisfied the indorsement of the note may be sustained on either of two grounds: First, as Mary Dixon was intrusted with the business of her husband and had authority to do all acts necessary to a proper discharge of the business, while she did the business in her own name, it having been done with his knowledge and approbation, her acts may be regarded as his. Second, conceding that the indorsement was not, in the first instance, authorized, yet, when the husband was informed of it, we are of opinion the evidence before the court was ample to justify the court in finding that the husband affirmed and ratified the act, and thus adopted it as his own.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*