JOHN W. MARTIN

*v.*

GEORGE W. CHAMBERS.

1. ERROR—*what may be assigned.* Our statute does not authorize a party to assign error on the decision of the court granting a new trial.

2. VENDOR AND VENDEE—*right to recover back price paid.* Where the purchaser of land enters into possession of the whole tract, and it is not shown he was ever evicted, or surrendered the possession to the vendor, he can not recover back any part of the price paid. Before he can rescind the contract, he must restore, or offer to restore, the property purchased.

3. Where a party purchased seven and a half acres of land, and received a deed for the same, the deed reserving a vendor's lien for the price, and the purchaser went into possession, and afterwards, on payment of one of the notes given for the purchase money, the vendor gave him a deed for but six acres, having, in the meantime, platted the land, giving a street over the remaining part, and the proof failed to show any acceptance of the attempted dedication, or that the purchaser had ever been disturbed in his possession, it was *held,* that the latter could not recover the price of the omitted acre and a half from the vendor.

4. ASSUMPSIT—*when it lies for money had and received.* Although an action for money had and received lies where the defendant has in his hands money belonging to the plaintiff, which, in conscience, he ought not to retain, yet it will not lie where the plaintiff has given his note for money, and the same remains unpaid in the hands of an assignee, as the payee may have to take it up.

5. PRACTICE—*excluding all of plaintiff's evidence.* There is no error in excluding all of the plaintiff's evidence when, construing it most strongly in his favor, it fails to make out a right to recover.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This action is *indebitatus assumpsit.* The declaration origi-
nally contained only the common counts, and, the general
issue having been filed, a trial was had before a jury, who
found for plaintiff $562.50. That verdict was set aside by
the court, and a new trial awarded. Afterwards, plaintiff. by
leave of court, amended his declaration by adding a special
count, in which it was set forth, in substance, that plaintiff
had bought of defendant seven and one-half acres of land, at
$500 per acre, which consideration he had fully paid, but that,
before he received a deed, defendant made a plat of the land,
and caused it to be recorded in the proper office, by which
plat a strip of land, containing one acre, was set aside and
reserved for a street, in the city of Jacksonville, when certain
conditions should be complied with; that what remained of
such tract of land was deeded to him by the description of
lot 13, in Chambers' third addition to Jacksonville, and. in
fact, contained only six and fifty one-hundredths acres, and
that defendant, although requested, had refused to convey to
plaintiff the residue of such tract of land.

In other amendments, made by leave of court, it is averred
plaintiff entered into possession of the land, and was entitled
to a conveyance of the whole tract; that, when he received a
deed for lot 13, he supposed it conveyed to him the entire
tract of seven and one-half acres, and that he did not know to
the contrary until long afterwards. A demurrer was sustained
to the special count, both before and after it had been amended,
and plaintiff has preserved his exceptions to the rulings of
the court.

All the testimony in the case is that of plaintiff. He states
he bought of defendant seven and a half acres of land, by
actual measurement; that he assisted in making the survey;
that he paid for the land by giving his promissory notes; has
since paid one of them,—in all, about $1800, with interest,—
and that the other note has been assigned by defendant, but is
not paid; that defendant made him a deed, conveying to him
the seven and one-half acres, reserving a vendor's lien; that,
afterwards, when he paid him the amount of one note, he pro-

cured defendant to make him a warranty deed, so that, if he wanted to sell the land, it would be free from incumbrance; that defendant made the deed for lot 13 as platted; that he supposed it described the entire tract he had bought, and knew nothing to the contrary until long afterwards; that defendant told him he had deeded one acre to the city for a street, and could not now deed it again to him; that it was timber land; that he entered into possession, and that the land set apart for a street had never been used for that purpose, no street having been opened.

On motion of defendant, the court excluded all evidence given by plaintiff, to which he excepted. There being, then, no evidence before the jury to be considered, the court refused to give instructions asked, to which ruling, also, plaintiff excepted. The jury found for defendant, and the court entered judgment against plaintiff for costs. Plaintiff brings the case to this court on appeal.

Messrs. EPLER & CALLON, for the appellant.

Mr. J. T. SPRINGER, and Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Our statute does not authorize a party to assign error on the decision of the court granting a new trial, and that is a sufficient answer to the first point made by plaintiff.

The amended count shows plaintiff entered into possession of the entire tract of land he had bought of defendant, and, until the contrary is made to appear, it must be presumed he continued in such possession. At least it is not averred he was ever evicted, or that he ever surrendered that possession to defendant, from whom he had obtained it. A party who seeks to rescind a contract must restore, or offer to restore, the property obtained, before he can recover back the purchase price paid. *Gehr* v. *Hagerman*, 26 Ill. 438. Without reference to other objections that might be taken to the special amended

count, this one is fatal, and justified the decision of the court in sustaining the demurrer.

The law undoubtedly is, the action of assumpsit for money had and received is an equitable action, and lies where defendant has in his hands money belonging to plaintiff which, in conscience, he ought not to retain; still, that view of the law does not aid plaintiff's case. According to his own testimony, one note given for the consideration to be paid for this land is outstanding, and has never been paid. It is true, it has been assigned, yet it does not appear but defendant may have to take it up from his assignee. It is not shown defendant has any money in his hands that equitably belongs to plaintiff.

But, taking a broader view of the case, the testimony does not show any right of action in favor of plaintiff. His own testimony is, defendant made him a deed for the entire seven and one-half acres, only reserving a vendor's lien. Afterwards, when he paid one note, he made him a second deed, at request of plaintiff, to release the vendor's lien. This last deed, it is said, does not embrace all the land, but that, it seems to us, can make no difference. It is not alleged or proven the first deed was ever in any manner released; but if it had been, plaintiff claims to have been in possession, and no subsequent conveyance to another party, by defendant, could affect his rights. Evidence in the record shows the land platted for a street has not been used, nor has any street been opened upon it. There is not a particle of testimony the city ever accepted the dedication of this land for the use of a public street, nor is there any evidence that even tends to show it ever will. Plaintiff's possession has not been disturbed, and may never be. Construing the evidence excluded most strongly against defendant, as we must do, it makes no case in favor of plaintiff for which he ought to recover in this action.

The judgment will be affirmed.

*Judgment affirmed.*