## H. BAILEY & CO.

### v.

## THE VALLEY NATIONAL BANK.

*Practice Act—Sec. 28—General Issue with Notice—Negotiable Instruments—Denial of Execution of Note—Failure of Consideration—Partnership—Set-off—Attachment—Service—Variance — Instructions —Nul Tiel Corporation.*

1.  In an action on two promissory notes purporting to have been made by the defendants as copartners. and assigned and indorsed to the plaintiffs, it is *held:*    That there was no error in striking a notice of set-off from the files, the declaration not having been filed prior to the filing of said notice; that no defense special to one of the defendants was allowable; that there was no error in the refusal of the court to strike the amended affidavit and bond of attachment from the files; that the attachment being against but one of the defendants, he only could assign errors in the attachment proceedings; that the court properly refused to quash the attachment writ on account of the service; that the entry of default on attachment was proper, no notice of an attachment in aid being necessary where there has been service in the original cause; that there was no variance between the declaration and the larger note and indorsements thereon; that the plea did not put in issue the indorsements; that the plea of general issue and notice sworn to did not, under Sec. 28 of the Practice Act, put in issue the execution of the note; that evidence of partial failure of consideration was inadmissible under the notice of total failure of consideration; that said evidence was properly excluded although the evidence was not all in; and that the instruction as to the burden of proof that the plaintiff was a corporation was properly refused, as an issue of *nul tiel corporation* can not be raised by notice under the statute.

2.  The execution of a note can only be denied by plea of *non est factum,* or *non assumpsit* verified.

3.  Where the note is made by copartners and the plea of *non assumpsit* is verified by one partner it is good only as to him.

4.  Where the general issue with notice is substituted for a special plea, the defense must be proved as stated in the notice.

Bailey & Co. v. Valley National Bank.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kankakee County.

Statement by WELCH, J.   This was an action of assumpsit brought by the appellees against the appellants on the 29th of August, 1885, upon two promissory notes; one for the sum of $450 purporting to be executed by the appellants payable to O. H. Queal, and by him assigned to the appellees; the other for the sum of $1,500 purporting to be executed by the appellants payable to Kate E. Queal and H. S. Towle, adm'rs, etc., by them assigned to John H. Queal, and by him, under the name and style of J. H. Queal & Company, indorsed to the appellees.

There was service on Thomas C. McCulloch, one of the appellants, on the 2d of September, and on Hiram Bailey, the other appellant, on the 7th of September.   On October the 9th the appellants placed on file a notice of set-off; November 11th attachment writ in aid of suit issued; November 21st the appellees filed their declaration with affidavit of merits, together with a stipulation that suit was upon the two promissory notes described in the declaration; December 1st appellants filed motion to quash the attachment writ; December 2d appellees filed motion to strike appellants' notice of set-off from the files, which motion was allowed, and appellants then and there excepted.   Appellees were granted leave to amend affidavit and bond for attachment.   An amended affidavit and bond in attachment was filed by the appellees.   December 9th appellants filed plea of general issue and notice under the statute of the defense relied on verified. Appellee Bailey also filed his motion to strike affidavit for attachment from the files, and the bond filed December 9th for reasons assigned.   One was, that the bond had no seal; the court allowed the seal to be affixed to the bond, and overruled appellant Bailey's motion.   Appellants then moved the court to quash the service of attachment writ which was overruled.   On January 10, 1886, appellant Bailey having filed no plea to the attachment, as required by the rules of

court, was called and defaulted.   On April 16th there was a trial, verdict, and judgment for appellees for the sum of $2,148.90.   Motion was made for new trial, motion overruled and appeal taken.

Messrs. STEPHEN R. MOORE and HARRISON LORING for appellants.

Mr. DANIEL H. PADDOCK, for appellee.

WELCH, J.   In view of the numerous errors assigned we have deemed it important to set out each step taken in the case with particularity as to time.   The first point insisted on by counsel for appellant is that the court erred in striking notice of set-off from the files.   Under section 28 of the Practice Act " The defendant may plead as many matters of fact in several pleas as he may deem necessary to his defense, or may plead the general issue and give notice in writing under the name of the special matters intended to be relied on for a defense on the trial."

Section 29th of Act, *supra:* "The defendant in any action brought upon any contract or agreement, either expressed or implied, having claims or demands against the plaintiff in such action, may plead the same or give notice under the general issue, or under the plea of payment."   Section 30, Act, *supra:* " When such plea or notice of set-off shall have been interposed, the plaintiff shall not be permitted to dismiss his suit." When and how can the defendant avail himself of a set-off? He has one of two methods.   Special plea, or filing the general issue and giving notice under it.   Appellants adopted neither.   At the time of giving notice appellees had not filed their declaration.   No plea or notice under it could be filed prior to the filing of the declaration.

Section 36 of Practice Act authorizes the plaintiff to file with his declaration an affidavit of merits.   When this is done, if the defendant is a resident of the county in which the suit is brought, he shall file with his plea an affidavit of merits. An affidavit of merits was filed with the declaration in this

case.  Counsel for appellant claims that this section does not apply to the appellant Bailey; that he was a non-resident. The notice does not purport to be the notice of Bailey, but of both defendants.  It is not pretended as a special defense for Bailey.  No defense special to Bailey could have been allowed.

The claim of the appellee was based on partnership obligation; individual matters could not be brought in as off-sets to such claim.  There was no error in striking the notice of set-off from the files.

Counsel for appellant insists the court erred in not striking the amended affidavit and bond of attachment from the files. This is a matter personal to Bailey as the attachment was against him alone.  In the motion for new trial this was not made a ground for same, and no motion in arrest of judgment on the attachment was made.  And in the errors assigned the only errors are assigned by the appellants.  No error is assigned by Bailey individually, and only he can take exception to the attachment proceedings.  Even conceding that the error had been assigned by Bailey we hold that there was no error in the ruling of the court thereon.  Ryan v. Driscoll, 83 Ill. 415; City of Chicago v. Gage, 95 Ill. 593.

It is also insisted by counsel for appellant that the attachment writ should have been quashed on account of the service, and refers to the first affidavit.  This affidavit was amended by order of the court.  The property levied on was only the interest of H. Bailey.  The return shows a levy upon "all the right, title and estate of Hiram Bailey to the following described property, being the property of H. Bailey & Co."  The amended affidavit charges that Hiram Bailey was, at the time of swearing out the writ, a resident of the State of Florida, and that he had fraudulently conveyed his property to defeat his creditors.  We do not consider this point well taken.

It is also insisted by counsel for appellants that the court erred in entering default against Hiram Bailey on the attachment for the reason that he was not served with the attachment writ, and there was no publication and no appearance by Bailey except as claimed for the purpose of a motion to strike

affidavit from files. This was an attachment in aid of a suit at law. Bailey was served with process in that suit on the 7th day of September. Under Sec. 33 of the Attachment Law, "Upon the return of attachments issued in aid of actions pending, unless it shall appear that the defendant or defendants have been served with process in the original cause, notice of the pendency, etc., shall be given as required in cases of original attachment." No notice was necessary when there had been, as there was in this case, personal service in the original cause.

It is next insisted by counsel for appellant that the court erred in admitting in evidence the note for $1,500. The objection made was that the note was not indorsed to the appellee. The declaration, after describing this note *in haec verba* and properly setting forth its legal effect, proceeds thus: "Kate E. Queal and Henry S. Towle, administrators of the estate of R. F. Queal, to whom or to whose order this note was payable, then and there indorsed the same in writing, by the name and style and description of Kate E. Queal and Henry S. Towle, administrators of the estate of R. F. Queal, and then and there ordered and appointed said sum of money mentioned in said promissory note to be paid to John H. Queal or order, and then and there delivered the same so indorsed to the said John H. Queal, and the said John H. Queal, to whom or to whose order the said note then and there became payable, and then and there was payable, then and there in writing indorsed said note in the name, style and description of J. H. Queal & Co., and then and there ordered and appointed said sum of money, mentioned in said promissory note, to be paid to the plaintiff (now appellee), and then and there delivered the same so indorsed to the said plaintiff."

The indorsement of the note offered in evidence is as follows: "Pay John H. Queal or order, Kate E. Queal, Henry S. Towle, administrators of the estate of R. F. Queal." "Pay to the Valley National Bank, of Des Moines, Iowa, or order. J. H. Queal & Co."

There was no variance between the allegations in the declaration and the note and the indorsements thereon. There was no plea denying the indorsement. The plea was general issue and notice thereunder of special defenses verified.

Section 33 of Practice Act: "No person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may have been brought   *   *   *   unless the person so denying the same shall, if defendant, verify his plea by affidavit." The indorsement must be put in issue by plea verified. Even the plea of *non est factum* verified does not put in issue the indorsement. Shipley v. Carroll, 45 Ill. 285; Templeton v. Hayward, 65 Ill. 178 ; Walker v. Krebaum, 67 Ill. 252.

It is further insisted, " before the notes were introduced in evidence, proof of their execution must be offered." That under Sec. 28 of Practice Act, *supra*, the plea of general issue and notice sworn to, put the appellee on proof of the execution of the note. We hold not. The notice under the statute, as we construe it, only applies to cases where affirmative matter is introduced by defendants as a defense—in other words, confession and evidence.

The statute is in derogation of the common law, and must be strictly construed. We do not understand that the case of Hunt v. Weir, 29 Ill. 83, overrules the case of Burgwin v. Babcock, 11 Ill. 28, but re-affirms the rule as there announced, that the execution of a note can not  be denied except by plea of *non est factum* or *non assumpsit*, verified. By filing notice instead of plea, the defendant assumes the burden of proof of what the notice alleges; even if it should be conceded, which we do not, that under a notice verified, an issue as to the execution of the notes could have been presented, so as to require proof of their execution.

The notice and affidavit in this case were insufficient. The affidavit as made by the appellant T. G. McCulloch, in which he says that defendants' defense, under their notice filed with the general issue, wherein they set forth that the notes sued on are not their notes nor the notes of said firm of H. Bailey & Co. and that the same were not delivered by the defendants to the payees thereof, is true as therein set forth. By reference to the notice they say they will further show that defendants never delivered said notes or either of them to the said

payee nor consented that said Jenks should deliver said notes to them, or in any manner authorized said Jenks or any other person to deliver said notes or either of them to said payees thereof or to any other person. It will be perceived that this notice does not negative the idea that the delivery of the notes was not ratified after their delivery. The affidavit should have been a direct denial of the execution of the notes, or of their ratification after delivery as to the person making the affidavit, McCulloch. He could not testify for Bailey. A plea of *non assumpsit* verified by one partner is good only as to him. Stevenson v. Farnsworth, 7 Ill.; Davis v. Scaritt, 17 Ill. 202.

It is further insisted by counsel for appellant that the court erred in excluding defendants' evidence from the jury. If it should be conceded that the defendants had made proof to the extent as claimed by their counsel, yet the court would have been justified under the law in excluding it.

The rule of law is where a notice of general issue is substituted for a special plea the defense must be proved as stated in the notice. The record discloses a suit on two notes, one for $450 payable to O. H. Queal and assigned to appellee, one of $1,500 payable to Kate E. Queal and H. S. Towle, administrators, and by them assigned to John H. Queal and by him assigned to appellees.

The notice of special defense says that both these notes were delivered in *escrow* to Jenks for certain shares of stock that never were delivered, and that John H. Queal, the intermediate indorser on the $1,500 note, knew all about it. They will prove also that John H. Queal, to whom said notes were indorsed by the payees, knew these facts when he took said notes; that he paid nothing for said notes, but took the same as a means of carrying out the scheme attempted to be made to defraud these defendants.

There was no claim of proof that the note for $450 was delivered in *escrow* to Jenks, or that the same was without consideration.

There was no claim of proof that J. H. Queal, the intermediate indorser on the $1,500 note had any knowledge of any-

thing alleged by the appellants in their notice, that they would prove he had or that he paid no consideration for the note.

The notice as given in this case was a total failure of consideration. It can not be sustained by evidence of partial failure. Burnop v. Cook, 32 Ill. 168. The essential allegation in the notice in this case was a total failure of consideration of the notes, and knowledge thereof to J. H. Queal, the indorser, and that he paid no consideration therefor. There was no evidence as claimed, tending to prove either. Poleman v. Johnson, 84 Ill. 269; Martin v. Chambers, 84 Ill. 579.

It is, however, claimed by counsel for appellant that the court excluded the evidence before the evidence was all in. As we understand from this record there was no claim made or disclosed to the court that they had other evidence by which they could prove the failure of consideration of both notes and knowledge thereof to J. H. Queal, as charged in the notice, and that he paid no consideration therefor.

It is next insisted that the court erred in refusing to give an instruction asked by appellants that the burden of proof was on the appellee to prove that it is a corporation. An issue of *nul tiel corporation* can not be raised by notice under the statute. It is a negative plea the effect and purport of which is to put the corporation on the proof that it was a corporation *de facto* or *de jure*.

The same reason exists as to the necessity of a plea as is given *supra*, as to the necessity of a plea of *non est factum*. We are satisfied with the rulings of the court on the other assignment of error. The judgment is affirmed.

*Judgment affirmed,*