# WILLIAM L. RUSH

## v.

# JOSEPH FISTER AND PETER ARB.

*Action on Promissory Note—Assignment— Instructions — Evidence— Payments—Test of Validity of.*

1. In an action on a promissory note by an indorsee, it is *held:* That an instruction requiring the jury to find for the defendant, if the assignment was made by a married woman in Missouri, and it had not been shown that the common law had been changed in that State, was erroneous, there being no plea denying the assignment and the evidence showing that the husband of the assignor assented to and was a party thereto; and that the evidence does not so fully make out a complete legal defense to the action as to justify an affirmance regardless of errors.

2. A debtor, in making payments, is bound to know whether the payee is authorized to receive them. The question whether the payor could successfully defend a suit by the payee, is the test of the validity of a payment.

[Opinion filed June 7, 1887.]

IN ERROR to the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding.

Mr. ALEXANDER W. HOPE, for plaintiff in error.

The assignment of the promissory note by Annie Carter to William L. Rush, was admitted by the plea of non-assumpsit. The assignment could *only* be put in issue by defendants by a plea verified by affidavit. Templeton v. Hayward, 65 Ill. 178; Walker v. Krebaum, 67 Ill. 252; Melvin v. Hodges, 71 Ill. 442; Schrœder v. Harvey, 75 Ill. 638.

The time and place of the assignment of the promissory note in suit, and the coverture of Annie Carter, were not put in issue by the plea of non-assumpsit. Hayden v. Olinger, 5 Ill. App. 632.

Under the plea of general issue the place where the note was assigned was immaterial; wherever executed, it was admitted by the plea interposed to be valid, and that the laws of the

Rush v. Fister and Arb.

place of execution were the same as the laws of the forum.'
Smith v. Whitaker, 23 Ill. 367; Chumasero v. Gilbert, 24 Ill.
293.

If the defendants had a defense by virtue of the laws of
Missouri, such laws should have been specially pleaded. They
were not admissible under the general issue. If not specially
pleaded the contract would be construed both as to its validity
and the remedy thereon, by the laws of Illinois. The court
would presume the laws of Missouri to be the same as the
laws of Illinois. Smith v. Whitaker, 23 Ill. 367; Chumasero
v. Gilbert, 24 Ill. 293; Mason v. Dousay, 35 Ill. 424; Palmer v.
Marshall, 60 Ill. 289.

Messrs. WISE & DAVIS, for defendants in error.

Evidence of payment is admissible under the general issue
in assumpsit. Crews v. Bleakley, 16 Ill. 21; Kassing v. Inter-
national Bank, 74 Ill. 16; McCord v. Mechanics' Bank, 84 Ill.
49; Johnson v. Glover, 19 Ill. App. 585; 10 N. E. Rep. 214.

In an action of assumpsit the general rule is that a defend-
ant may give in evidence, under the general issue, any matter
which shows he was not indebted to the plaintiff when the
action was brought. Wilson v. King, 83 Ill. 232; Strong v.
Linington, 8 Ill. App. 436.

WILKIN, P. J. This is an action on a note signed by de-
fendants in error, payable to the order of W. W. Green, ad-
ministrator of De Witt Helen, for $262, due August 1, 1884,
"for rent or use of three and three-quarters acres of wheat
land from August 1, 1883, to August 1, 1884, at which time
possession is to be delivered up to the owner of the land."

Indorsed: "Transferred without recourse to Annie Carter.
W. W. Green." "Credit of $21.25, on account of a strip of
land being taken off." "Annie Carter."

Plaintiff in error sued in assumpsit as assignee of Annie
Carter. The only plea filed by the defendants was non-
assumpsit. On the trial the court gave the following instruc-
tion for defendants: "If the jury believe from the evidence
that, at the time the note mentioned in the declaration was
assigned by Annie Carter, she, the said Annie Carter, was a

married woman, and at the time resided in the State of Missouri, and assigned said note in that State, the presumption of the law is that the common commercial law in reference to the assignment of promissory notes prevailed in Missouri at that time, and that a married woman could not assign a promissory note so as to pass the legal title thereto to her assignee, and unless the plaintiff has shown by evidence in this case that such common commercial law has been so modified by the statute of Missouri as to enable said Annie Carter to assign said note, and thereby pass the legal title, the jury must find for the defendants."

That Annie Carter was a married woman, residing in Missouri at the time she assigned said note, and that it was assigned in that State, is admitted by all parties. That plaintiff below showed by evidence, or attempted to show, that the common commercial law had been changed or modified by statute in Missouri, is not pretended. Therefore, if the jury followed this instruction, plaintiff in error was met at the threshold of his case with the mandate of the court to the jury that they "must find for the defendant" because he had no title to the note, and therefore no right to bring the suit.

In view of the evidence and pleadings in this case, it would be difficult to get more positive error in a single instruction than there is in this one, or which could be more harmful to plaintiff below. It clearly appears from all the evidence that the husband of Annie Carter not only consented to the transfer of this note, but that he was a party to the transaction. The assignment was, therefore, valid at common law. Mudge v. Bullock, 83 Ill. 22.

There was no plea denying the assignment and therefore that issue was not before the jury. Sec. 34, Chap. 110, R. S.; Templeton v. Hayward, 65 Ill. 178. Defendants in error are not raising the question by this instruction as to whether the note was assigned before or after maturity, but they are attacking the assignment itself without plea. This instruction being fatal to the plaintiff's case, regardless of the merits of the defense set up by plea, and being manifestly erroneous, must work a reversal of the judgment.

Under the plea of non-assumpsit the plaintiff made a *prima facie* case by introducing the note in evidence. The defendants sought to overcome that case by proving that the note had been paid to one Ruckman, notwithstanding they knew at the time of payment, that he did not hold the note and that Annie Carter did and claimed payment thereof. It is well settled that such a payment was at the peril of defendants. Holmes v. Field, 12 Ill. 424, 429; Dutcher v. Beckwith, 45 Ill. 460. This they well understood because they required security against loss from Ruckman. In order that the payment to Ruckman avail them as a defense in this suit, as a payment of the note, they must have shown that if Ruckman had sued them for the consideration thereof, he could have recovered. This they attempted to do by showing an express contract between Ruckman and the Carters, made in pursuance of a sale and conveyance by them to him of the land, for the rent of which the note was given, whereby Ruckman was to have the note, and that it was not delivered to him because they said at the time that it was lost. This evidence was admissible under the general issue as tending to prove payment. They also insist that Ruckman, having purchased and received a general warranty deed from Mrs. Carter and her husband for the land, for the use or rent of which the note was given before the note fell due, and there being no reservation of accruing rent, that by operation of law the consideration of the note became due to Ruckman, and that therefore, the note being assigned to plaintiff after it became due, the payment to Ruckman is a complete defense to this action.

Mrs. Carter denies, and is corroborated at least to some extent, that she ever agreed that Ruckman should have this note. She also denies the execution and delivery of the deed, at least that it was an act binding on her. All the witnesses agree that, at the time of the execution of the alleged contract and deed, she was sick and confined to her bed. Soon after the transaction she was sent to St. Louis sick, where she remained until in July, 1884. She and her sister both swear that at the time of these transactions with Ruckman, which

were in February, 1884, she was not expected to recover from her then sickness. Mrs. Carter swears that she presented this note to defendant Fister, who is the principal maker, after it came due, and that he promised to pay it; that she had no recollection or knowledge of making the deed, but she was told of it after her return from St. Louis. While it is true that she is contradicted, and there is sufficient evidence to support defendants thereon, yet the peculiar circumstances under which Mrs. Carter was placed, the manner in which the business was transacted, tend, at least, to corroborate her. The evidence does not, as claimed by defendants in error, so clearly make out a complete legal defense to this action as to entitle them to an affirmance of the judgment below regardless of the errors committed by the trial court. That error will not always reverse is conceded. But when, as in this case, by instructions, a party is absolutely deprived of the right to have his case passed upon by the jury on its merits, the rule can not be applied.

*Reversed and remanded.*