## Robert A. Rodesch v. Julius J. Estey et al.

1. PLEADING—*Order of.*—The statement of the plaintiff's cause of action must precede the statement of the defendant's defense to such cause of action, and no plea or notice of set-off under it can properly be filed by a defendant prior to the filing of the declaration, and if filed, should be stricken.

2. SAME—*Notice of Set-off.*—The statute giving a defendant the right to give notice of set-off instead of pleading the same, only allows such notice " under the general ·issue or under the plea of payment," and where there is no plea of payment, and the general issue having been improperly pleaded is stricken from the files, there is nothing to support the notice and it may also be stricken.

3. SAME—*Plaintiff Can Not be Compelled to File Declaration.*—There is no authorized practice by which a plaintiff can be forced to file a declaration if he chooses to abandon his case. A court of law has no jurisdiction to grant specific performance of a contract to institute and prosecute a suit to trial.

4. SAME—*Notice of Set-off Does Not Amount to a Plea.*—It may be that if defendant had filed a plea of set-off, it would have been within the power of the court to compel an issue to be made on such plea and to give a trial thereunder, though no declaration in the original action had been filed; but the notice filed in this case was not in any respect a plea of set-off, and the court is not called upon to decide what authority the trial court would have had if such a plea had been filed.

Assumpsit.—Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

J. F. SANFORD, attorney for appellant.

Where the plaintiff acts in bad faith in the progress of the trial, non-suit will be denied. Wilder v. Boynton, 63 Barb. (N. Y.) 547.

Plaintiff can not dismiss his suit when it may prejudice

the rights of the defendant.    Ency. of Pl. and Pr., Vol. 6, 843.

Where the discontinuance would be inequitable it may be denied altogether.    Ency. of Pl. and Pr., Vol. 6, 870.

Wherever the defendant would lose his remedy the discontinuance will be denied.    Ency. of Pl. and Pr., Vol. 6, 871, note.

So an order discontinuing the suit has been refused, where a counter-claim has been set up against which the statute of limitation would be a bar if the suit were discontinued. Ency. of Pl. and Pr., Vol. 6, 871, note; Van Alen v. Schermerhorn, 14 How. Pr. 287; Bradford v. Andrews, 20 Ohio St. 221.

Even where the discontinuance is allowed by statute, the plaintiff can not bring in and dismiss or discontinue parties wholly at his own discretion.    Ency. of Pl. and Pr., Vol. 6, 861.

The provision in the statute that after a plea of set-off has been filed the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant or leave of court, implies that leave of court is not to be given to dismiss except for cause shown.    City of East St. Louis v. Thomas, 102 Ill. 453.

Filing of the plea of set-off was tantamount to the institution of a cross-action by the appellant against the appellees which should not have been dismissed without his consent.    Litch v. Clinch et al., 136 Ill. 410; Bennett v. Pul liam, 3 Ill. App. 185; Am. and Eng. Ency. of Law, Vol. 22, 335.

And in effect became a declaration.    Breen v. Sullivan, 5 Ill. App. 449.

Defendant who has filed cross-claim is now considered a plaintiff.    Ency. of Pl. and Pr., Vol. 6, 848.

DIXON & BETHEA, attorneys for appellees.

Before declaration was filed or required to be, appellants filed a notice of set-off.    On motion the notice of set-off was stricken from the files.    This action of the court was

not error. When the notice was filed there was nothing on file to which it could apply. Bailey v. Valley Nat. Bank, 127 Ill. 332.

At the time of giving notice, appellees had not filed their declaration. No plea or notice under it could be filed prior to the filing of the declaration. Bailey v. Valley Nat. Bank, 21 Ill. App. 642.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

On May 11, 1895, Estey & Camp, appellees herein, brought this action of assumpsit against Robert A. Rodesch in the court below, by suing out a summons returnable on the third Monday of September following, which writ was served on May 18th. Plaintiffs never filed a declaration. On the first day of the return term, defendant filed a plea of general issue, and attached thereto a notice of set-off. Plaintiff moved to strike said plea and notice from the files, which motion was granted. Afterward defendant moved for a rule on plaintiffs to file a declaration. Said motion was heard January 11, 1897, upon affidavits, and denied. Defendant then moved for leave to refile his plea of general issue and notice of set-off, which motion was denied. The next day the court entered an order reciting that it was then the fifth term of court since the commencement of the suit, and directing plaintiffs to file their declaration instanter. They did not comply. Thereupon the court dismissed the suit for want of a declaration and for want of prosecution, and rendered judgment against plaintiffs for costs. · From said judgment in his favor defendant prosecutes this appeal, and assigns for error that the court below erred: 1st. In striking defendant's plea and notice of set-off from the files; 2d. In overruling defendant's motion for rule on plaintiffs to file a declaration. 3d. In refusing to permit defendant to refile the general issue and notice of set-off. 4th. In dismissing the suit.

Although the court did on January 11, 1897, deny defendant's motion for a rule on plaintiffs to file a declaration, yet the next day it ruled plaintiffs to file a declaration instanter,

which was, in effect, granting defendant's motion, so that the second error is not well assigned.

In the established and logical order of pleading the statement of plaintiff's cause of action upon which he brings his suit must precede the statement of the defendant's defense to such cause of action. 1 Chitty's Pleading, star page 239. This court held in Bailey v. Valley National Bank, 21 Ill. App. 642, that no plea or notice of set-off under it could be filed by a defendant prior to the filing of a declaration. This was affirmed in S. C., 127 Ill. 332, the court there saying that when notice of set-off in that case was filed there was nothing on file to which it could apply. The plea of general issue in the case at bar is that defendant "did not promise in manner and form as plaintiffs have thereof above, complained against him." The language of the plea shows how out of place it was. Plaintiffs, not having filed a declaration, had not yet complained against him. He could not answer till something was alleged. The plea therefore was properly stricken from the files. The statute giving a defendant the right to give notice of set-off instead of pleading the same (R. S., 1874, C. 110, Sec. 29) limits the right to give such notice "under the general issue or under the plea of payment." There was no plea of payment, and when the general issue was stricken from the files there was nothing to support the notice. The right to give notice of set-off under the general issue means under the general issue properly pleaded. The general issue having been improperly pleaded and stricken from the files, the case should be treated as if the notice had been filed without any plea, and the statute gives no right to file notice of set-off unaccompanied by any plea. Having been filed without right it was properly stricken from the files. For like reasons the court did not err in refusing to permit said plea of general issue and notice of set-off to be refiled, for there was still no declaration to which said general issue could apply.

What power has a court over a plaintiff if he fails or refuses to file a declaration within the time fixed by law? The statute (R. S., 1874, C. 110, Sec. 17) says, in such cases

defendant shall be entitled to a judgment as in the case of a non-suit. The court below gave defendant such a judgment. It is not contended it could have proceeded against plaintiffs or their attorneys for contempt in failing to file a declaration. It was not asked to do so. We know of no authorized practice by which plaintiffs can be forced to file a declaration if they choose to abandon their case.

The special facts relied upon in this case by defendant as a reason for compelling plaintiffs to file a declaration were these: Before this suit was begun plaintiffs had sued defendant before a justice of the peace, and the defendant had interposed a set-off, and the suit was by agreement continued from time to time. Plaintiffs' attorney then suggested to defendant's attorney that the suit would no doubt be appealed to the Circuit Court, however decided, and he proposed that it be dismissed and a suit brought in the Circuit Court to save expense to plaintiffs, who were non-residents of the county. Defendant's attorney claims he agreed said suit then pending might be so dismissed if said attorneys of plaintiffs would bring suit in the Circuit Court, so that the claims of said parties could be fully tried. This suit was then begun, and before service of process therein the justice of the peace dismissed the suit before him upon call, neither party appearing. Defendant's attorney urges that he relied upon the good faith of plaintiffs' attorney. Between the time said suit before the justice of the peace was dismissed and the time defendant asked for a rule on plaintiffs to file a declaration in this case, the statute of limitations had run against most of the items of the off-set claimed by defendant. Defendant's attorney insisted it was a fraud upon his client for plaintiffs not to file a declaration. Plaintiffs' attorney in reply showed that he made the arrangement and brought the second suit in good faith, intending to prosecute it, but that before the return of the writ his clients notified him that they had ascertained judgment against defendant would be of no value, and that they had lost the note upon which in part the suit was based, and that it would be quite expensive to take depositions of

witnesses to prove its contents, and they directed their attorney to proceed no further with the suit.

It may be, if defendant had filed a plea of set-off (which is in legal form and effect a declaration in a cross-action, Harber Bros. Co. v. Moffat Cycle Co., 151 Ill. 84; Ellis v. Cothran, 117 Ill. 458; 1 Chitty's Pleading, star pages 568, 573, 575), it would have been within the power of the court to entertain such cross-action, compel an issue to be made up under said plea, and give a trial thereunder, though no declaration in the original action had been filed. If such power existed, the facts here set up would have required the court below, in the exercise of a sound judicial discretion, to pursue that course and to refuse to dismiss the cause. But the notice filed was not in any respect a plea of set-off; it had no commencement or conclusion such as is requisite in pleading at common law; no issue at common law could have been framed upon it; and we are not called upon to decide what authority the court would have had if such plea had been filed. If defendant wished to raise this question, he should have filed a plea of set-off. Certainly the court below in this case had no jurisdiction to grant specific performance of a contract to sue him and prosecute the suit to a trial, if such was the legal effect of the arrangement made.

For the reasons stated, the judgment of the court below will be affirmed.