(No. 14082.—Decree affirmed.)
ROSA JUSTI, Appellee, *vs.* DORA P. HOERICH *et al.*
Appellants.

*Opinion filed October 22, 1921—Rehearing denied Dec. 14, 1921.*

SPECIFIC PERFORMANCE—*what must be shown by defendant set- ting up defense of delay in returning abstract.* A defendant in a suit for specific performance who sets up the defense that the ab- stract of title was not returned to her within ten days from its delivery to the vendee's attorney, as provided by the contract mak- ing time of the essence, must prove that the third party with whom she left the abstract in the absence of the vendee's attorney from his office was authorized to receive the same, otherwise it is proper to reckon the ten days from the time the vendee's attorney actually received the abstract.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

BERTRAM H. MONTGOMERY, for appellants.

THOMAS J. GRAYDON, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted from a decree of the superior court of Cook county directing specific performance of a contract for the sale of a flat-building situate at 4831 North Ridgeway avenue, Chicago, by which appellant Dora P. Hoerich agreed to sell and Rosa Justi, appellee, agreed to buy the property.

There is no dispute regarding the terms of the contract nor the title to the property. The sole question before us is whether appellee complied with the following provision of the contract: "A complete merchantable abstract of title * * * brought down to date * * * shall be furnished by the vendor within a reasonable time. * * * The purchaser or his attorney, if an abstract or copy be furnished, shall

within ten days after receiving such abstract deliver to the vendor or his agent (together with the abstract) a note or memorandum in writing, signed by him or his attorney, specifying in detail the objections he makes to the title, if any, or if none, then stating in substance that the same is satisfactory." The contract contained a further provision that "time is of the essence of this contract and of all the conditions hereof."

The vendor, Mrs. Hoerich, one of the appellants, was directed to deliver the abstract of title to John P. McDonald, attorney for appellee. About noon, August 19, 1919, twenty-one days after the contract was made, Ernest A. Hoerich, husband of the vendor, acting for her, appeared at McDonald's office with the abstract of title. McDonald was out of the city and his stenographer was on her vacation. Andrew Rost, an attorney who leased space from McDonald, was in his office at the time, and in reply to Hoerich's inquiry advised Hoerich that McDonald was out. Hoerich asked Rost if he could leave the abstract with him, and Rost took it and signed a receipt presented to him by Hoerich, signing McDonald's name by himself. Rost took the abstract into McDonald's office and found it unoccupied and McDonald's safe locked. He returned to his office with the abstract and locked it in his safe. August 20 McDonald returned to his office but nothing was said regarding the abstract. August 25 McDonald inquired if an abstract had been left for him during his absence, and Rost then took the abstract from his safe and delivered it to McDonald, who examined it on the 28th. Appellee's son came to McDonald's office on that day and McDonald told him that the title was all right, and the former called by telephone the office of Frank A. Sevick, the broker who represented Mrs. Hoerich and at whose office the transaction was to be closed, and talked with a man regarding the closing of the deal. The man with whom he talked said that Mrs. Hoerich's attorney would be out of the city over Labor

day. Mrs. Hoerich's husband, who she says was her agent in this transaction, called at the office of appellee's attorney a few days later. McDonald says that it was Saturday, August 30, and Hoerich says it was Tuesday, September 2. Hoerich asked McDonald for the abstract, and McDonald told him that he could not deliver it to him then because they would need it when they closed the deal. August 30, 1919, Mrs. Hoerich wrote appellee a letter declaring the contract canceled because appellee had not notified Mrs. Hoerich of her opinion of the title in accordance with the terms of the contract. September 3 appellee's attorney went to Mrs. Hoerich's home with a written opinion. stating that the title was satisfactory and that they were ready to proceed with the contract.

McDonald and Rost both testified that there was no relation between them except that of landlord and tenant. Each of them had his own separate business, his own separate office and vault and his own stenographer. Rost testified that he accepted this abstract as an accommodation to Hoerich, and McDonald testified that he sometimes accepted articles delivered for Rost as an accommodation to the party delivering them. The burden was on Mrs. Hoerich to show that Rost received the abstract of title as the agent of appellee's attorney, (*Dutcher* v. *Beckwith*, 45 Ill. 460; *Schmidt* v. *Shaver*, 196 id. 108;) and this she has failed to do. The chancellor saw and heard the witnesses and decided that the abstract of title was delivered to appellee's attorney on August 25 and that he returned it to Mrs. Hoerich, with an opinion accepting the title, September 3, which was within ten days. We agree with the conclusion he has reached.

The decree of the superior court is affirmed.

*Decree affirmed.*