JAMES E. CARPENTER *vs.* ISAAC D. FARNSWORTH.

A bank check, having the words "Ætna Mills" printed in the margin, and signed "A. B., Treasurer" is the check of the Ætna Mills and not of A. B.

CONTRACT on a bank check, of the face of which the following is a copy:

|            | " The Boston National Bank. |
|------------|------------------------------|
| ÆTNA MILLS.| $19.20.         Boston, September 9, 1869.<br>Pay to L. W. Chamberlin or J. E. Carpenter or order nineteen dollars $\frac{20}{100}$.<br>" I. D. Farnsworth, Treasurer." |

The case was submitted to the judgment of the superior court, and, on appeal, of this court, on facts agreed substantially as follows : The Ætna Mills owed Chamberlin $19.20 for an order accepted by them payable to him or order, and Chamberlin indorsed the order to the plaintiff, who requested the defendant to pay it, whereupon the defendant, who was the treasurer of the Ætna Mills and authorized to sign checks for them, gave the plaintiff the check declared on. The Boston National Bank refused payment of the check, and due notice thereof was given to the defendant.

*J. E. Carpenter, pro se,* cited *Tucker Manufacturing Co.* v. *Fairbanks,* 98 Mass. 101; *Seaver* v. *Coburn,* 10 Cush. 324; *Hills* v. *Bannister,* 8 Cowen, 31; *Fiske* v. *Eldridge,* 12 Gray, 474; *Haverhill Insurance Co.* v. *Newhall,* 1 Allen, 130.

*W. P. Walley,* for the defendant.

GRAY, J. The writing sued on, being payable in the alternative to either of the persons named or order, would seem not to be a negotiable instrument. *Osgood* v. *Pearsons,* 4 Gray, 455. But it is immaterial whether it is or is not. If it is, the question who is liable thereon as drawer must in all cases be determined from the instrument itself. *Tucker Manufacturing Co.* v. *Fairbanks,* 98 Mass. 101, 104, and authorities there cited. If it is not, there is nothing in the circumstances under which it was made to show an intention to charge the defendant personally,

for it is admitted to have been given in payment for a debt of the Ætna Mills. And accordingly the only ground upon which the plaintiff seeks to charge the defendant is that he appears upon the face of the paper to be the drawer thereof.

But we are of opinion that this case does not fall within that class, to which all those cited for the plaintiff belong, in which the name of the principal appears upon the instrument by way of mere designation of the general relation which the signer holds to a corporation; and that this check manifests upon its face that the writing is the act of the principal, though done by the hand of an agent, or, in other words, that it is the check of the Ætna Mills, executed by Farnsworth as their treasurer and in their behalf.

The case is not distinguishable from those in which similar instruments have been held by this court to be the contracts of the principal only. The court has always laid hold of any indication on the face of the paper, however informally expressed, to enable it to carry out the intentions of the parties. In *Tripp* v. *Swanzey Paper Co.* 13 Pick. 291, a draft not naming the principal otherwise than by concluding " and charge the same to the Swanzey Paper Company, yours respectfully, Joseph Hooper, Agent," was held to be the draft of the company. In *Fuller* v. *Hooper*, 3 Gray, 334, a draft with the words " Pompton Iron Works " printed in the margin, and concluding " which place to account of Pompton Iron Works, W. Burtt, Agent," was held to bind the proprietor of the Pompton Iron Works; and in *Bank of British North America* v. *Hooper*, 5 Gray, 567, in which a draft concluding " and charge the same to account of Proprietors Pembroke Iron Works, your humble servant, Joseph Barrell," without otherwise naming a principal or disclosing the signer's agency, was held to bind him only, it was said by the court that in *Fuller* v. *Hooper* the words " Pompton Iron Works " in the margin of the draft fully disclosed the principal and that the draft was drawn on his behalf. So in *Slawson* v. *Loring*, 5 Allen, 340, 343, in which a draft, having the words " Office of Portage Lake Manufacturing Company, Hancock, Michigan," printed at the top, was signed " I. R. Jackson, Agent," Chief Justice Bigelow

said, " No one can doubt that on bills thus drawn the agent fully discloses his principal, and that the drawer could not be personally chargeable thereon."

The instrument in question therefore binds the corporation, and not its treasurer personally; the judgment of the superior court must be reversed, and there must be

*Judgment for the defendant.*