GEORGE W. CHIPMAN *vs.* GEORGE E. FOSTER & others.

Suffolk. November 19. — 27, 1875. COLT, J., absent.

A draft headed "New England Agency of the Pennsylvania Fire Insurance Company," having the words "Foster & Cole, General Agents for the New England States" printed in the margin, and appearing on its face to be drawn upon said insurance company in payment of a claim against it, is the draft of the company, and not of Foster & Cole, although it is signed by them in their own names.

CONTRACT upon a draft indorsed in blank by the payees, of which the following is a copy :

"No 176.                                     $5000.
" New England Agency of the Pennsylvania Fire
        Insurance Company, Philadelphia.

Foster & Cole,                     " Boston, August 18, 1873.
General Agents      " Pay to the order of Haley, Morse & Company
    for the         five thousand dollars, being in full of all claims and
New England         demands against said company for loss and damage
    States,         by fire on the 30th day of May 1873, to property
15 Devonshire       insured under policy No. 824 of Boston, Mass.,
    Street,         agency.                           Foster & Cole.
    Boston.
                    " To the Pennsylvania Fire Insurance Company,
                            Philadelphia."

There were also counts on two other drafts of the same tenor, differing only in the number of the policy, and which were indorsed in like manner.

At the trial in this court, *Ames*, J., withdrew the case from the jury, and reported it for the consideration of the full court, in substance as follows :

The defendants were the general agents for the New England States for the Pennsylvania Insurance Company of Philadelphia.

Haley, Morse & Company held three policies of insurance issued by said insurance company in August and October, 1872, for one year, from its agency in Boston, upon their stock of furniture contained in their store.

A fire occurred on May 30, 1873, during the continuance of the policies, by which the furniture insured was destroyed. Haley, Morse & Co. made claim on the insurance company for the loss, through the defendants, and made and delivered to them three formal proofs of loss on June 18, 1873. On or about August 18, 1873, Haley, Morse & Co. called on the defendants, who then delivered to them the three drafts sued upon. These drafts were indorsed by Haley, Morse & Co., and deposited by them in a bank for collection, on August 18, 1873, and the amount thereof was passed to the credit of Haley, Morse & Co., and by the bank forwarded to Philadelphia for collection. The insurance company on presentment declined to pay the amount of the drafts, or any portion thereof, and they were protested and returned at once to the bank with protests attached, and the bank promptly notified Haley, Morse & Co. of the fact. The plaintiff, at the request and for the accommodation of Haley, Morse & Co., paid the money to the bank and received the instruments declared on from the bank, with the protests annexed.

The defendants contended that the action could not be maintained on the ground that the instruments were executed by them as agents merely, and that there was not any personal liability on their part, whether in the hands of a *bonâ fide* holder or not.

If the plaintiff was not entitled to recover upon these facts, judgment was to be for the defendants; otherwise judgment for the plaintiff.

*H. D. Hyde & M. F. Dickinson, Jr.*, for the plaintiff.

*C. T. Russell & C. T. Russell, Jr.*, for the defendants.

GRAY, C. J.  Each of these drafts, upon its face, purports to be issued by the New England agency of the Pennsylvania Fire Insurance Company, and shows that Foster & Cole are the general agents of that corporation for the New England States, as well as that the draft is drawn in payment of a claim against the corporation. It thus appears that Foster & Cole, in drawing it,

acted only as agents of the corporation, as clearly as if they had repeated words expressing their agency after their signature; and they cannot be held personally liable as drawers thereof. *Carpenter* v. *Farnsworth*, 106 Mass. 561, and cases cited.

*Judgment for the defendants.*