WILLIAM SIMPSON *vs.* AMASA S. GARLAND and others.

Penobscot.     Opinion January 18, 1881.

*Principal and agent.   Promissory notes.*

The rule laid down in *Nobleboro'* v. *Clark*, 68 Maine, 87, and *Purinton* v. *Ins. Co. ante* p. 22, applies with full force to simple contracts as well as to deeds and sealed instruments.

Thus, upon a note reading "1000, Carmel, April 22, 1876, for value received, we, the subscribers for Carmel Cheese Manufacturing Co. promise to pay William Simpson, or order, one thousand dollars in six months from date with interest.   F. A. Simpson, Rufus Work, A. S. Garland;"

*Held*, that the note was the note of the Carmel Cheese Manufacturing Co. and not that of the signers, it appearing that the signers were directors of the company and authorized to make the note for the company and that it was given for money appropriated for the use of the company.

ON EXCEPTIONS.

Assumpsit upon the promissory note hereinafter mentioned.

Plea, the general issue, with brief statement that the note declared upon was that of the Carmel Cheese Manufacturing Company.

(Note.)

" $1,000.                              Carmel, April 22, 1876.

For value received, we, the subscribers for Carmel Cheese Manufacturing Co. promise to pay William Simpson, or order, one thousand dollars in six months from date with interest.

F. A. SIMPSON,

RUFUS WORK,

A. S. GARLAND."

The defendants offered to prove that at the time the note was given, there was such a corporation as Carmel Cheese Manufacturing Company, that the defendants were the directors of said corporation and authorized to make the note for the corporation, and that the note was for money, and that the money was appropriated for the use of the corporation.

But the presiding judge, being of the opinion that the note was that of the defendants, and not that of the corporation, refused to admit the evidence.

Whereupon the defendants submitted to a default, with an agreement of parties that the case be reported by the defendants, and if in the opinion of the law court the presiding judge erred in his ruling or opinion, the default to be taken off and the case to stand for trial; otherwise the default to stand.

*A. L. Simpson*, for the plaintiff.

The note in suit is that of the defendants. They promised, the company did not, and their liability is to be fixed by the note itself and not by outside testimony. *Sturdivant* v. *Hull*, 59 Maine, 172; *Mellen* v. *Moore*, 68 Maine, 390; *Hancock* v. *Fairfield*, 30 Maine, 302; *Fiske* v. *Eldridge*, 12 Gray, 474; *Packard* v. *Nye*, 2 Met. 47; *Bradlee* v. *Boston Glass Mf'y*, 16 Pick. 347.

*W. H. McCrillis* and *Chas. P. Stetson*, for the defendants, cited: *Barlow* v. *Congregational Society in Lee*, 8 Allen, p. 464; *Winship* v. *Smith*, 61 Maine, 121, 123; *Rogers* v. *March*, 33 Maine, 106; *Carpenter* v. *Farnsworth*, 106 Mass. 561; *Hewitt* v. *Wheeler*, 22 Conn. 562; *New England Ins. Co.* v. *De Wolf*, 8 Pick. 56, 61, 62; *L. & G. Manufacturing Co.* v. *Russell*, 112 Mass. 387; *Chipman* v. *Foster*, 119 Mass. 189; *Nobleboro'* v. *Clark*, 68 Maine, 87; *Andrews* v. *Estes*, 2 Fairfield, 267; *Fogg* v. *Virgin*, 19 Maine, 352; *Nichols* v. *Frothingham*, 45 Maine, 220; *Atkins* v. *Brown*, 59 Maine, 90; *Sturdivant* v. *Hull*, 59 Maine, 172; *Sheridan* v. *Carpenter*, 61 Maine, 83; *Ballou* v. *Talbot*, 16 Mass. 461; *Tucker Manufacturing Co.* v. *Fairbanks*, 98 Mass. 105; *Gadd* v. *Houghton*, L. R. 1 Ex. Div. 357; *Draper* v. *Mass. H. Co.* 5 Allen, 338.

LIBBEY, J. The question involved in this case is, whether the note in suit is the note of the defendants or of the Carmel Cheese Manufacturing Company.

The common law rule, as declared by the earlier decisions, upon this question, has been, to some extent, modified by our statute (R. S., c. 73, § 15,) and the more recent decisions of the courts. In *Nobleboro'* v. *Clark*, 68 Maine, 87, this court, after an examination of decided cases and our statutory provisions,

declared the rule as follows : "Applying the principles settled by the courts, and the provisions of our statutes to the question under consideration, we think the true rule in this State is, that where a deed is executed by an agent or attorney, with authority therefor, and it appears by the deed that it was the intention of the parties to bind the principal or constituent, that it should be his deed and not the deed of the agent or attorney, it must be regarded as the deed of the principal or constituent, though signed by the agent or attorney in his own name. In determining the meaning of the parties, recourse must be had to the whole instrument, the granting part, the covenants, the attestation clause, the sealing and acknowledgment, as well as the manner of signing. If signed by the agent in his own name, it must appear by the deed, that he did so for his principal. This may appear in the body of the deed, as well as immediately after the signature."

This rule applies with full force to simple contracts, as well as to deeds ; and applying it to the note in suit, it remains to be determined whether it appears by the terms of the note, that it was the intention of the parties to bind the Carmel Cheese Manufacturing Company, and not the defendants. In determining this question, we must assume that the defendants were duly authorized to make the note for the company. They offered to prove it, and as the statute cited, makes the authority of the agent an essential element to be considered, we think the evidence offered to prove the authority, was admissible. *Nobleboro'* v. *Clark,* 68 Maine, 93 ; *Draper* v. *Mass. Steam Heating Co.* 5 Allen, 339.

The defendants sign their own names only ; but in the body of the note they say, "we, the subscribers, for the Carmel Cheese Manufacturing Company, promise to pay." If the words "for the Carmel Cheese Manufacturing Company," had been omitted from the body of the note, and had been written against the defendants' signatures, the authorities are quite uniform that the note would be the note of the company, and not of the defendants. *Sturdivant* v. *Hull,* 59 Maine, 172 ; *Atkins* v. *Brown,* 59 Maine, 90 ; *Sheridan* v. *Carpenter,* 61 Maine, 83 ; *Winship* v. *Smith,* 61 Maine, 121 ; *Ballou* v. *Talbot,* 16 Mass. 461 ; *Tucker Man'f'g Co.* v. *Fairbanks,* 98 Mass. 101 ; *Morrell* v.

*Codding*, 4 Allen, 403; *Draper* v. *Mass. Steam Heating Co.* 5 Allen, 338.

By the rule laid down in *Nobleboro'* v. *Clark, supra*, the words used in the body of the note tending to show the meaning of the parties, should have the same force and effect as if following, or written against the defendants' signatures. Their meaning is as significant in the one case as in the other. We are aware that the Massachusetts court in *Morrill* v. *Codding, supra*, held differently, and in discussing the question of the effect of the language used in the body of the note, say: "Had these words immediately preceded or followed the names of the signers, with the 'by' or 'for,' it would have been the promise of the Baptist Church of Lee;" but it was held that they did not have the same effect in the body of the note. This case, in this respect, is neither in harmony with the later decisions in Massachusetts nor with our own. *Carpenter* v. *Farnsworth*, 106 Mass. 561; *L. & G. Manufacturing Co.* v. *Russell*, 112 Mass. 387; *Chipman* v. *Foster*, 119 Mass. 189.

In the note the defendants say: "We . . for the Carmel Cheese Manufacturing Company, promise." "For his principal" are the words used in our statute above cited, in regard to the proper execution of a contract by an agent; and "for" when so used, means "in behalf of." *Ballou* v. *Talbot*, and *Tucker Man'g Co.* v. *Fairbanks, supra*. The language used discloses the name of the principal, and is equivalent to a declaration by the defendants, that they promise in behalf of their principal, and not for themselves; and we think both parties must have so understood it. Upon the evidence reported, the defendants are not personally liable.

*Default off. Action to stand for trial.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.