[No. 8,814.  Department One.—February 24, 1885.]

## JOEL BEAN, APPELLANT, *v.* PIONEER MINING COMPANY ET AL., RESPONDENTS.

PROMISSORY NOTE—PARTIES—EVIDENCE—CORPORATION.—A promissory note read " we promise to pay," &c., and was signed " Pioneer Mining Company, John E. Mason, Sup't." The seal of the corporation was not attached. *Held,* in an action by the payee, that parol evidence was admissible to show that it was understood by him to be the note of the company, and that the consideration passed to it.

ID.—AGENT WHEN NOT LIABLE ON NOTE.—If it was known to the payee that the note was given by the superintendent in recognition of an indebtedness of the company, the superintendent is not bound on the note, even if he had no power to execute the instrument for the company.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action in a promissory note. The facts are stated in the opinion of the court.

*Wm. H. Fifield*, for Appellant.

There is no ambiguity in the language of the note, nor in the signatures. The liability of the parties must be ascertained from the face of the note, and if apparently liable thereon, a party cannot exonerate himself from liability by oral testimony. (*Sannatt* v. *Rocky Mountain Nat'l Bank*, 1 Colo. 278; *Collins* v. *Buckeye State Ins. Co.*, 17 Ohio St. 215.) The letters "Sup't" are merely *descriptio personæ*. (*Chamberlain* v. *Pacific Wool Growing Co.*, 54 Cal. 103; *Conner* v. *Clark*, 12 Cal. 168; *Haskell* v. *Cornish*, 13 Cal. 45.) Evidence of the intention and understanding of the parties, and their conversations, prior to the execution of the note, was inadmissible. (*Sannatt* v. *Rocky Mountain Nat'l Bank*, 1 Colo. 278; *Mellen* v. *Moore*, 68 Me. 390; *Sturdevant* v. *Hull*, 59 Me. 172; *Fogg* v. *Virgin*, 19 Me. 352; *Chick* v. *Treett*, 20 Me. 462; *Savage* v. *Rix*, 9 N. H. 263; *Koehring* v. *Muemminghoff*, 61 Mo. 403; *Charles* v. *Denis*, 42 Wis. 56; *Doolittle* v. *Ferry*, 20 Kans. 230; *Hayes* v. *Brubagker*, 65 Ind. 27; *Conner* v. *Clark*, 12 Cal. 168; *Haskell* v. *Cornish*, 13 Cal. 45; *Langenberger* v. *Kroeger*, 48 Cal. 147.)

*Pillsbury & Titus*, for Respondent Mason.

The word "Sup't" is not merely *descriptio personæ*. It indicates that the party signing acted in a representative capacity, and did not intend to bind himself. Under such circumstances, he may show who was understood and intended to be bound. And to show this, he may give in evidence the circumstances under which the note was made, the agreement and understanding of the parties at the time, and the consideration for which it was given. (*Farmers' etc. Bank* v. *Colby*, 64 Cal. 552; *Hall* v. *Crandall*, 29 Cal. 569; *Metcalf* v. *Williams*, 24 Alb. Law Journal, 496; *Blanchard* v. *Kaull*, 44 Cal. 450; *Lander* v. *Castro*, 43 Cal. 497; Abbott's Trial Evidence, 37, 402; *Haile* v. *Pierce*, 33 Md. 327; *Babcock* v. *Beman*, 11 N. Y. 200; *Vater* v. *Lewis*, 36 Ind. 288; *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; Angell & Ames on Corp. 299.)

McKINSTRY, J.—The promissory note on which it is sought to charge the defendant, Mason, personally, is signed; " Pioneer Mining Company, John E. Mason, Sup't." The note reads, " *We* promise to pay," and not " The Pioneer Mining Company promises to pay." The seal of the corporation is not attached. It is insisted by appellant that the instrument is the note of the company *and* Mason ; that the words, " we promise to pay," clearly establish this. But the question is not to be determined merely by reference to rules of grammar. If the note was signed unmistakably by the company, and the company alone, we could see that the mistake which would make the collective " company " the nominative, instead of the corporate name, might easily have occurred. It must be conceded, that if the note had been signed " Pioneer Mining Company, ·by John E. Mason, Superintendent," and the Superintendent had power to execute notes of the corporation, it would be the note of the corporation, notwithstanding the words " we promise." If we reject the words subscribed to the note in suit, " John E. Mason, Sup't," whose note is it? Would the words " Pioneer Mining Company," not accompanied by any words indicating by whom they were written, establish a liability on the part of the company? Immediately below the words is written " John E. Mason, Sup't." Shall we say the omission of the word " by " or " per " renders the instrument unmistakably the note of Mason ? The signature is not " John E. Mason, Superintendent of the Pioneer Mining Company," the last portion of which, in the absence of any words in the body of the note indicating the intention that it should be an obligation of the company, might, it is claimed, be held to be merely *descriptio personæ*. But here the words " Pioneer Mining Company," precede the name " John E. Mason." It would seem, however, that even had he subscribed his proper name, with the addition " Sup't Pioneer Mining Company," while *prima facie* he would be liable personally, he would be authorized to rebut the presumption, as between himself and the payee, by proof that the note was, in fact, given by him as agent of the company, with the payee's knowledge of the fact. (Abbott's Trial Ev. 402.)

In *Mechanics' Bank* v. *Bank of Columbia*, the question was whether the drawing of a certain check, by one who was cash-

ier of a bank, was his individual act, or his official act as cashier. Mr. Justice Johnson said: "It is enough for the purposes of the defendant to establish that there existed on the face of the paper circumstances from which it might reasonably be inferred that it was either one or the other. In that case it became in-dispensable to resort to intrinsic evidence to remove the doubt." (5 Wheat. 336.) Whether, in the case before us, the note was the promise of Mason, or the promise of the company, by Mason claiming to act as its agent, was ambiguous, at least, and an inquiry into the circumstances might render it certain whose promise, if any person's, it was. (*Metcalf* v. *Williams*, 104 U. S. 180.) It is, perhaps, unnecessary to inquire whether the form of the note was sufficient to charge innocent holders with notice of its character. Here the payee named in the note is plaintiff, and we think evidence was admissible that it was understood by plaintiff to be the note of the company, and that the considera-tion for which it was given passed to the company. For the purpose of showing the real party to a contract (where the con-tract suggests the existence of circumstances which render it doubtful), conversations of the parties to the transaction at the time of making the paper, and at the time of creating the con-sideration for the bill or note, are admissible as part of the *res gestæ*. (*Goodwin* v. *Robarts*, 10 L. R. Exch. 337; S. C., 14 Moak's Eng. Rep. 591.)

Mr. Abbott says: "If upon the face of the instrument there are indications suggestive of agency—such as the addition of words of office or agency to the signature, or the imprint of the corporate title on the paper—parol evidence is competent to show who the parties intended should be bound or benefited. And even where the contract *bears no such suggestion* on its face, the rule, as now generally received, is that parol evidence is competent either in favor of or against the corporation (ex-cept, perhaps, when the instrument is a specialty) ; but that it. is not competent for the purpose of exonerating the signer from personal liability, if the other party to the instrument chooses to hold him personally liable, unless there was evidence that the signer was duly authorized to contract for the corporation, and that credit was actually given to the corporation alone." (Trial Ev. 37.) Even if it could be said that there were no indica-

tions suggestive of agency on the face of the note herein sued, evidence was admissible tending to prove that the consideration for the note was received by the Pioneer Company, and the credit extended to the company alone. The absence of proof of the other circumstance—his actual power to act for the corporation—would not render Mason personally liable, under the decisions in this state. If it was known to the payee that the note was given by Mason as superintendent of the company, and in recognition of an indebtedness of the company, Mason is not bound *on the note*; even if he had no power to execute the instrument for the company. (*Blanchard* v. *Kaull*, 44 Cal. 440 ; *Lander* v. *Castro*, 43 Cal. 497 ; *Hall* v. *Crandall*, 29 Cal. 568.)

Judgment and order affirmed.

McKEE, J., and SHARPSTEIN, J., concurred.