HEFFNER v. BROWNELL.

1. **Promissory Note:** OFFICER OF CORPORATION AS MAKER: PERSONAL
   LIABILITY. A promissory note signed "Independence Mf'g Co.," and,
   directly underneath, "B. I. Brownell, Pres.," with nothing to show that
   Brownell was president of the Independence Manufacturing Company,
   held to bind Brownell personally. (*Lacy v. Dubuque Lumber Co.*, 43
   Iowa, 510, distinguished.)

2. ——: ——: PAROL TO SHOW CAPACITY. Whether in such case
   parol evidence could be introduced to show that Brownell signed as
   president of the manufacturing company, *quaere*, as to which see
   cases cited in opinion.

*Appeal from Buchanan District Court.*

WEDNESDAY, MARCH 2.

THE petition states that the defendant, together with oth-
ers, executed and delivered to the plaintiff their promissory
note, in words and figures, to-wit:

"$200.                    INDEPENDENCE, IOWA, July 10, 1884.

"One year after date, value received, we promise to pay
Daniel Heffner, or bearer, two hundred dollars, with interest
at eight per cent from date until paid. Payable at Inde-
pendence, Iowa, with reasonable attorney's fees, if sued. If
interest is not paid when due, it shall draw interest at eight
per cent. .                    INDEPENDENCE MF'G. Co.

                              "B. I. BROWNELL, Pres.
                              "D. B. SANFORD, Secy."

Judgment was asked against the defendant, who demurred
to the petition. The demurrer was sustained, and the plaint-
iff appeals.

*Woodword & Cook*, for appellant.

*Lake & Harmon*, for appellee.

SEEVERS, J.—In *Lacy v. Dubuque Lumber Co.*, 43 Iowa,
510, it was held that the face of the note showed that it had

been executed by the corporation. The question in that case was whether the corporation was bound, and not whether Mr. Moore, who signed the note as president of the corporation, and for it, was bound. In the case at bar, it may be conceded that the Independence Manufacturing Company is bound, and still the question remains whether the defendant is not also. The note purports on its face to be the note of all the persons, including the corporation, who executed it. There is nothing on the face of the note which indicates that the defendant signed it as president of the manufacturing company, and for it. Whether parol evidence can be introduced to show that he did, we are not called on at this time to determine. But see *Wing v. Glick*, 56 Iowa, 473; *Rendell v. Harriman*, 75 Me., 497; *Bean v. Pioneer Min. Co.*, 6 Pac. Rep., 86; and *Haile v. Peirce*, 32 Md., 327.

The courts have been called on to determine who is bound on notes similar in some respects, and yet all to which our attention has been called are different from the instrument sued on. Some of these do not disclose the name of any principal except the persons who have signed the note, or claim to have done so in a representative capacity. In this case, as the note purports to bind both the corporation and the defendant, and there is nothing to indicate that the defendant was president of the corporation, or had signed the note for it, or in its behalf, we think he is bound personally, and that the letters "Pres." must be regarded simply as descriptive of the person to whose signature they are appended. It follows that the court erred in sustaining the demurrer.

REVERSED.