Liebscher vs. Kraus.

LIEBSCHER, Appellant, vs. KRAUS, imp., Respondent.

*September 7 — September 24, 1889.*

*Promissory notes: Corporations.*

A note reading "we promise to pay," etc., and signed "SAN PEDRO MINING AND MILLING COMPANY. F. KRAUS, President," is the note of the company alone; and parol evidence is inadmissible to show that the president did not sign the name of the company, but signed his own name as a joint maker.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

For the appellant the cause was submitted on the brief of *Frank J. Lenicheck,* attorney, and *J. C. McKenney,* of counsel.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

ORTON, J. This action was brought on the following promissory note:

"$637.40. MILWAUKEE, January 1st, 1887.

"Ninety days after date we promise to pay to *Leo Liebscher,* or order, the sum of six hundred and thirty-seven dollars and forty cents, value received.

"SAN PEDRO MINING AND MILLING COMPANY.

"F. KRAUS, President."

The plaintiff demands judgment on this note against both the corporation and *Frederick Kraus,* as joint makers. The defendant *Kraus* answered that he signed the note for the said San Pedro Mining & Milling Company, as its president, and not otherwise, and that his signature was placed upon said note for the purpose of showing who executed the same on behalf of said company, and as a part of the corporation signature to the note, and for no other purpose. The plaintiff offered to prove on the trial, substantially,

that *Kraus* did not sign the name of the company, but signed his own name as a joint maker, intending to bind himself, and that this was according to the understanding of the parties at the time. This offer was rejected, and a verdict in favor of *Kraus* was directed by the court. This evidence is admissible only on the ground that there is an ambiguity in the signatures to the note. If, in the law, this signing imports that both the company and *Kraus* are jointly bound, or that only the company is bound, there is no ambiguity, and parol evidence to alter or vary this effect is inadmissible. But if, in the law, such signing imports only that both are bound or that the company only is bound according to the facts and circumstances in explanation of it and the intention or understanding of the parties, then there is an ambiguity and the evidence was proper.

The contention of the learned counsel of the appellant that this signing imports that both are bound is inconsistent with the offer of such evidence. The learned counsel of the appellant has expressed, in his brief, the true principle as follows: "As to the question of parol evidence, the rule of law is that such evidence cannot be admitted to vary the terms of a contract, or to show contrary intention than that disclosed by the instrument, *unless there is an ambiguity.*" This has been often decided to be the law by this court. *Foster v. Clifford,* 44 Wis. 569; *Cooper v. Cleghorn,* 50 Wis. 113; *Hubbard v. Marshall,* 50 Wis. 322; *Gillman v. Henry,* 53 Wis. 470.

There appears to be an inconsistency in cases where it is first held that such a note *ipso facto* binds the person who signed it with his official name, and yet that parol evidence might be given to make it certain. *Heffner v. Brownell,* 70 Iowa, 591. This case is mentioned as the only one in which it has been decided that such signing binds the person as well as the corporation; but there would seem to be somewhat of an ambiguity in the opinion. In *Bean v. Pioneer*

*Mining Co.* 66 Cal. 451, it seems to have been decided that a similar note bound the company alone, but that parol evidence was proper to explain it. No case is cited, and I can find none, where it has been decided squarely that such a note bound both the company and the person whose name appears below with the name of his office or agency, or bound the company alone, except the case of *Chase v. Patt-berg*, 12 Daly, 171, where the note was: "We promise to pay," etc. "[Signed] ENGLISH S. M. Co. H. PATTBERG, Manager;" and it was decided that the company was not bound, but that Pattberg was. The authorities are generally the other way. In *Draper v. Massachusetts Steam-Heating Co.* 5 Allen, 338, the note was: "We promise to pay," etc. "[Signed] MASSACHUSETTS STEAM-HEATING COMPANY. L. S. FULLER, Treasurer." In *Castle v. Belfast Foundry Co.* 72 Me. 167, it was: "We promise to pay," etc., "at office Belfast Foundry Company. [Signed] BELFAST FOUNDRY COMPANY. W. W. CASTLE, President." In *Falk v. Moebs*, 127 U. S. 597, it was: "We promise to pay," etc., "to the order of Geo. Moebs, Sec. & Treas., at," etc. "[Signed] PENINSULAR CIGAR Co. GEO. MOEBS, Sec. & Treas.," and indorsed "GEO. MOEBS, Sec. & Treas." These notes were held to be unambiguous, and not explainable by parol evidence, and the notes of the companies alone.

Many other cases of similar signing are found in the above cases and in the text-books. See, also, Mechem, Ag. § 439; 1 Rand. Com. Paper, 188; 1 Daniel, Neg. Inst. §§ 299–305; *Gillet v. New Market Savings Bank*, 7 Bradw. 499; *Scanlan v. Keith*, 102 Ill. 634; *Latham v. Houston Flour-Mills*, 68 Tex. 127; Story, Ag. § 154; Pars. Notes & B. 312. The question comes very near, if not quite, having been decided by this court in *Houghton v. First Nat. Bank*, 26 Wis. 663, where it is held that an indorsement on a note not belonging to the bank, by "GEO. BUCKLEY, Cas.," he being cashier of the bank, bound the bank and not himself.

In. *Ballston Spa Bank v. Marine Bank*, 16 Wis. 120, it is held that a note signed by " J. H. SIDMORE, Cash.," bound the bank alone. In *Rockwell v. Elkhorn Bank*, 13 Wis. 653, where the bank promises to pay in the body of the note, and it is signed only by " D. D. SPENCER, Cashier," it was held that the bank only was bound.

The principle of these authorities seems to be " that if the agent sign the note with his own name alone, and there is nothing on the face of the note to show that he was acting as agent, he will be personally liable; but if his agency appears with his signature, then his principal only is bound." Here the corporation could not sign its own name, and it is not otherwise shown on the face of the note than that *Kraus* signed the corporate name, and by adding the word "President" to his own name he shows conclusively that as president of the corporation he signed the note, and not otherwise. Such is the natural and reasonable construction of these signatures, and so it would be generally understood. The affix, cashier, secretary, president, or agent, to the name of the person sufficiently indicates and shows that such person signed the bank or corporate name, and in that character and capacity alone. The use of the word "by" or "per" or "pro" would not add to the certainty of what is thus expressed. It is not common to use these words in commercial business. It is sufficiently understood that the paper is signed by the officer or agent named, and for the corporation. But it is useless to prolong this discussion. It is almost too plain for argument. The note was that of the corporation alone, signed by *Kraus* as its president. The circuit court properly rejected the offer of parol proof, and correctly instructed the jury to find a verdict in favor of *Kraus*.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 43 N. W. Rep. 166.— REP.