SECOND NATIONAL BANK OF RICHMOND, Appellant, v. EMMA M. MARTIN *et al.*, Appellees.

Pleading: DENIAL OF INDORSEMENT ON NOTE: EVIDENCE. In an action upon certain promissory notes, held by the plaintiff under an indorsement in blank from the payee before maturity as alleged in the petition, the defendants answered that the notes were never indorsed by the payee, a corporation, "so as to transfer title," and that the transfer of the notes to the plaintiff was fraudulent, and made for the purpose of preventing the defendants from pleading a counterclaim thereto. *Held*, that the answer put in issue neither the fact of the indorsement, nor whether the same was made by one having authority to sign the name of the corporation, and that the plaintiff's ownership of said notes as an indorsee before maturity was, therefore, admitted.

*Appeal from Lyon District Court.*—HON. G. W. WAKEFIELD, Judge.

TUESDAY, MAY 19, 1891.

ACTION in chancery to foreclose a chattel mortgage, and to recover judgment upon the promissory notes

secured by it. By the final decree the plaintiff's petition was dismissed. It now appeals to this court. *Reversed.*

*E. Y. Greenleaf*, for appellant.

*J. M. Parsons*, for appellees.

BECK, C. J.—I. The notes secured by the mortgage were executed by the defendants payable to the order of Gaar, Scott & Co., a corporation, and were transferred before maturity to the plaintiff by an indorsement in blank upon the back of the notes in these words, "Gaar, Scott & Co." The petition alleges the indorsement of the notes, and no denial thereof, or of the signature of the indorsement, is alleged in the answer. This allegation, however, appears: "Defendants say said notes were never indorsed by Gaar, Scott & Co. so as to transfer title." The answer admits the execution of the notes, but alleges "that the indorsement and transfer of the notes to the plaintiff by Gaar, Scott & Co. was fraudulent, and made with intent to place the same in the hands of the plaintiff, for the sole and only purpose that these defendants could not plead a counterclaim against said notes." The answer further alleges that the notes were executed for a separator and other machinery sold to the defendants under a warranty which has wholly failed, and this is pleaded as a defense to this action. As the promissory notes are negotiable, and as they have been transferred to the plaintiff,— which is alleged in the petition, and not denied, but admitted in the answer, as above set out,—and as this transfer is shown to have been before the maturity of the notes, the defendants cannot defeat the notes upon the ground of the failure of the warranty pleaded as a defense, if the transfer was by a valid indorsement, in sufficient form.

II. The defendants insist that the indorsement is invalid, for the reason that the indorsee is a corporation authorized to execute the indorsement only by the

signature of its proper officers, either alone or in connection with the name of the corporation. It rested upon the defendants, if they disputed the signature of the indorsement of the notes, to deny it in their answer. But this they did not do. They alleged that the notes were not indorsed "so as to transfer the title." This is not a denial of the transfer, or of the act of indorsement, nor, indeed, that the name of the corporation, "Gaar, Scott & Co.," was signed or written by a person having authority to do so. It is an allegation as to the effect of the indorsement,—of a conclusion of law,—and not of the fact that the indorsement was not made by the corporation, or by one having authority so to do. The answer of the defendants does not, in effect, deny the execution of the indorsement by the indorsers. If this view be correct, the indorsement was not put in issue by the answer of the defendants, and was, therefore, admitted.

III. But, in our opinion, the signature of the indorsement is sufficient as it appears. A little thought will make this plain. The name of the corporation written on the back of the instrument is in fact the signature of the indorser, just as it would be if it were shown that it was made by an officer of the corporation that signs it. It is the corporation that does the act by the officer, for it has not hands and cannot write. When the name is found written upon the notes, it is known that it is intended as the indorsement in blank. If that name be written there by an officer having authority it will bind the corporation, upon that fact being established, though the officer's name be not subscribed to, nor appear in, the instrument. It cannot be doubted that had defendants raised an issue presenting the question whether the name of the corporation was written upon the notes for the purpose of indorsing them by the officer clothed with authority so to do, the plaintiff would have been permitted to present evidence supporting the indorsement by showing the authority of the one making it, and his intention to bind the corporation as an indorser. Now, as no such

issue was raised by the defendants' answer, the sufficiency and validity of the indorsement stands as admitted in the case. In support of these conclusions, see *Templeton v. Hayward*, 65 Ill. 178, and *Walker v. Krebaum*, 67 Ill. 252. These considerations lead us to the conclusion that the plaintiff held the promissory notes as an indorsee, and the defenses pleaded cannot defeat its right to recover on the notes and chattel mortgage.

The cause will be reversed and remanded for a decree in accord with this opinion, or a decree may be entered in this court, at the plaintiff's option. REVERSED.