Lotz, C. J.
The note upon which this action was brought is in these words:
“National Forge & Iron Co.,
“$1,675.82. Chicago, June 4, 1891.
“Ninety days after date we promise to pay to the order of Samuel Cohen sixteen hundred and seventy-five dollars, payable at our office. Value received.
“National Forge & Iron Co.,
“No. 177. Due-. Mare Swarts,

“President.”

The complaint avers that the note was executed by the *21 National Forge and Iron Co. and by Swarts as joint makers; that the note was given for money loaned to the defendant Swarts, and for no other or different consideration, and that no part of the consideration moved to the National Forge and Iron Co. There was no service of process upon the National Forge and Iron Co., and the action proceeded against the defendant Swarts alone. ■
ITe filed an answer of non est factum, and also a. special answer, in which he averred that he was the president of the National Forge and Iron Co., a corporation; that said corporation being indebted to the plaintiff, did, by its president, execute the note sued on to evidence such indebtedness; that he received no part of the consideration of said note, but that the entire consideration was received by the corporation; that said note was not his individual note, nor the joint note of himself and the corporation, but the note of the corporation alone.
He also filed a cross-complaint, in which he sought to have the note reformed, alleging that the note was executed by the National Forge and Iron Co., by himself, for and on behalf of such corporation, as the president thereof; that by the mutual mistake and accident the word “by” was omitted before his name in signing said note.
The cause was put at issue. The issues joined on the complaint and answers were submitted to a jury, and those joined on the cross-complaint were tried by the court. The trial resulted in a finding and judgment in favor of the appellee for the full amount of the note, including interest.
The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action, and that the trial court erred in overruling the motion for a new trial.
It seems to be well settled by-the decisions in this State *22 that when a note is signed by an individual maker with such a word as “trustee,” “president” or “secretary,” immediately following the signature, such word is generally considered as merely descriptive of the person of the maker, and the note is the obligation of the person so signing it. Kendall v. Morton, 21 Ind. 205; Hays v. Crutcher, 54 Ind. 260; Hayes v. Mathews, 63 Ind. 412; McClellan v. Robe, 93 Ind. 298; Williams v. Second Nat’l Bank, etc., 83 Ind. 237.
But when it is apparent, from the manner of the signature, or from the body of the instrument or from the use of the corporate seal, that it was the intention of the contracting parties that the note should bind the corporation alone, then the person signing will not be liable. Means v. Swormstedt, 32 Ind. 87; Gaff v. Theis, 33 Ind. 307; Pearse v. Welborn, 42 Ind. 331; Armstrong, Admr., v. Kirkpatrick, 79 Ind. 527.
It is difficult to lay down a general rule that will govern all cases. The primary purpose in construing a written instrument or contract is to ascertain the intention of the contracting parties. If a written instrument is clear and unambiguous in its terms and meaning, there is no occasion for construction.
The appellee contends that the note in suit is the joint note of both the appellant and the National Forge and Iron Co., while the appellant insists that it is the note of the corporation alone. The note in suit differs from any of the Indiana cases to which our attention has been called. In looking into the adjudications of other States we find that much conflict and confusion exists.
In Falk v. Moebs, 127 U. S. 597, it is said that this conflict amounts to almost anarchy of the authorities.
In the following cases notes and bills of exchange similarly signed as the one in suit were held to be the *23 obligation of the corporation alone: Draper v. Massachusetts, etc., Co., 5 Allen, 338; Rendell v. Harriman, 75 Me. 497; Castle v. Belfast, etc., Co., 72 Me. 167; Sturdivant v. Hull, 59 Me. 172; Carpenter v. Farnsworth, 106 Mass. 561; Liebscher v. Kraus, 74 Wis. 387.
Many other cases might be cited to the same effect. On the other hand, notes and bills somewhat similarly signed have been held to be the individual obligation of the person signing them or the joint obligation of the corporation and the individual. Chase v. Pattberg, 12 Daly, 171; Kean v. Davis, 21 N. J. Law, 683; Fiske v. Eldridge, 12 Gray, 474; Tucker, etc., Co. v. Fairbanks, 98 Mass. 101; De Witt v. Walton, 9 N. Y. 571; McClellan v. Reynolds, 49 Mo. 312; Heffner v. Brownell, 70 Iowa, 591; Heffner v. Brownell, 75 Iowa, 341; McCandless v. Belle Plaine, etc., Co., 78 Iowa, 161.
In many of the cases the decision of the court turns on a very slight change in the terms of the instrument or the manner in which it is signed.
If a written instrument is uncertain or its meaning can not be definitely determined upon its face, extrinsic evidence may, under proper averments, be given not to vary the terms, but to clear up the ambiguity. This is especially true where the action is between the original parties to the contract. Daniel’s Negot. Inst., section 418; Parsons Notes and Bills, 168 ; Haile v. Peirce, 32 Md. 327; Hardy v. Pilcher, 57 Miss. 18; Baldwin v. Bank, 1 Wall. 234; Mechanics’ Bank v. Bank of Columbia, 5 Wheat. 326; Metcalf v. Williams, 104 U. S. 93; Brockway v. Allen, 17 Wend. 40.
Courts of equity will sometimes relieve against mistakes of law and will reform a written instrument so as to make it conform to or speak the intention of the parties. This is particularly true when words are used *24 to express a contract previously made. 1 Story Eq. Juris., section 115; 2 Pom. Eq. Juris., section 845.
In Lee v. Percival, 52 N. W. Rep. 543, suit was instituted upon a note as follows:
“Six months after date '* * we promise to pay Lee & Jameson or order three hundred and fifty dollars * *
Signed as follows:
“Heendon Natueal Gas and Land Company.
“F. A. Peecival, President,
“Alex. Hastie, Secretary.”
It was held that Percival and Hastie were prima facie liable, but might have the note reformed so as to express, the true intent of the parties, and that parol evidence was admissible for the purpose of showing that the note was the obligation of the corporation alone. So, where a note was signed “W. T. Boutell, Pres.,” it was held proper for the signer to show by parol that he was the president of the corporation, and signed for the corporation. Brunswick, etc., Co. v. Boutell, 47 N.W. Rep. 261 (Minn).
A note reading, “we promise to pay to the order of A. J. Boardman, Treasurer.” * * *
“(Signed) Minneapolis Engine and Machine Woeics.
“By A. L. Ceockee, Secretary,”
and indorsed “A. J. Boaedman, Treasurer,” the indorsement was held to be prima facie the indorsement of Boardman, but that extrinsic evidence was admissible to show that he made it only in his official capacity as treasurer, and that the indorsement was that of the corporation alone. Sanhigan Nat’l Bank v. Boardman, 48 N. W. Rep. 1116 (Minn.).
In Liebscher v. Kraus, 74 Wis. 387, the action was on a note in these words: “Ninety days after date we promise to pay to Leo Liebscher, or order, the sum of six *25 hundred añd thirty-seven dollars and forty cents, value received.
“San Pedro Mining and Milling Company.
“F. Kraus, President.”
This was decided to be the note of the corporation alone, and not the joint note of the corporation and Kraus; that there was no ambiguity, and that parol evidence was inadmissible to show that Kraus did not sign the name of the company, but signed his own name as a joint maker.
In Heffner v. Brownell, supra, and the same case in 70 Iowa, 591, the note was in substance as follows:
* * We promise to pay Daniel Heffner, or bearer, two hundred dollars. * * *
“Independence Meg. Co.
.“B. I. Brownell, Pres.
“D. B. Sandeord, Sec’y-”
This was held to be the joint note of the corporation and of the other persons signing the same; that there was no ambiguity appearing upon the face of the instrument, and that extrinsic evidence was inadmissible to show the intention of the parties.
Matthews v. Dubuque Mattress Co., 54 N. W. Rep. 225, was an action on a note very similar to the one in suit. It reads as follows:
“Ninety days after date, we promise to pay to the order of J. T. Matthews & Co. two hundred and ninety and eighty-seven one-hundredths dollars. Payable at the office of the Dubuque Mattress Co., Dubuque, Iowa. Value received. Accepted March 21st, 1889.
“Dubuque Mattress Co.
John Kapp, Pt.”
This was held to be the note of Kapp as well as of the corporation, and that parol evidence was not admissible to show that the corporation was the only promisor. *26 There is, however, an able dissenting opinion, in which the position is taken that the note is ambiguous on its face, and that parol evidence should have been admitted to clear up the ambiguity.
Filed Oct. 31, 1894.
We are of the opinion that the note in suit is ambiguous. It was upon that theory that' the case proceeded, was tried and determined in the court below. The appellee declared, in his complaint, that the appellant executed the note. If John Doe should execute his promissory note in the name and style of Richard Roe, he would be liable thereon, and extrinsic evidence would be admissible to show the manner of the execution under proper averments in the pleadings.
As was said by the Supreme Court in Gaff v. Theis, supra: “A party may, we suppose, execute a note in any name other than his own, and yet be bound by it.”
It is readily conceivable that the note in suit might have been executed by both the corporation and by Swarts, and be their joint obligation. In such a case, affixing the word “'president” to his name does not make it the note of the corporation only, but, under proper averments, it may be shown to be the obligation of the individual as well, and this may be made to appear by extrinsic evidence.
We find no error in the record.
Judgment affirmed, at the costs of appellant.