Price, J.
The plaintiff brought suit in the lower court to vacate and annul a certain judgment, which defendant bank obtained against him and the Standard Furniture Company, with Louis Heusner, on February 29, 1892. The judgment was founded on a note for $5,000 dated August 8, 1891, due fifty-four months after date; and attached to or embodied in the note was a warrant of attorney authorizing a confession of judgment against the makers of the note in favor of the bank; and on February 29, 1892, judgment was confessed in the common pleas court by virtue of the warrant of attorney. The judgment rendered included the $5,000 principal and eight per cent, interest thereon, after the maturity of the note.
The names appearing as makers of the note are: The Standard Furniture Company, W. E. Snyder, Pres’t; LouisHeusner, Sec. & Treas.
*625 These official names are indicated by abbreviation. It is complained that it was well understood by the bank, and so agreed, that Snyder and Heusner were not to sign and become individually liable on the note; that the money was borrowed by and for the use of 'The Standard Furniture Company, a corporation, and that by a mutual mistake the word “by” was not written in front of each of the names, W. E. Snyder, Pres’t, and Louis Heusner, Sec. & Treas. Notwithstanding the agreement and mutual understanding between the bank and the signers of the note, Snyder says the bank took the judgment not only against the Standard Furniture Company, but also against him and Heusner, individually. To set, aside, vacate and annul this judgment, as to himself, at least, he commenced this action in the court below on May 24, 1897.
The petition further pleads that Snyder had no knowledge of this judgment against him, until May 11, 1896, over four years from the date of the judgment, which want of knowledge until that time no doubt was pleaded to avoid the bar of statute of limitations. See section 5363, Revised Statutes. The plaintiff asked a reformation of the note, as well as the vacation of the judgment. The answer of the bank denies the agreement or understanding that the furniture company alone was to be bound by the note, and claims that the understanding was the reverse, that it would not have given the credit to the company alone.
It also claims that the judgment was not only taken with the knowledge of the plaintiff, but at his request, and that he Has ever since known of it. An appeal has been taken from the decree of the court below, and with other questions we have heard the case upon motion of defendant to dismiss the appeal. We think the motion to dismiss must be overruled.
The petition alleges that there was an agreement and mutual understanding that the company alone should be liable, and that, by like understanding, the signing of W. E. Snyder, Pres’t., and Louis Heusner, Sec. & Treas., was simply the execution of the note by the company acting through the president and secretary and treasurer, as officers of the corporation. If such was the case, the bank had no right to take judgment against Snyder and Heusner individually, and doing *626 so was a fraud upon them, for which they could impeach the judgment if the remedy has been pursued within the proper time. Under such circumstances, there was not only taking judgment for more than was due on the note, for which the statute provides a means to vacate, but it was< taking a judgment against parties who were not liable at all, as between the bank and the other parties so signing, and they are not confined to the remedy furnished to open up and vacate when a good defense is first established. Hence our ruling on the motion. We now consider the case upon the evidence.
To reform a written instrument and obtain the réíief prayed for a party should furnish satisfactory and clear proof, not beyond a reasonable doubt, but such evidence as satisfies the court 'that there was a mutual mistake in framing the written instrument.
In Ohio our highest court has said in Potter v. Potter, 27 Ohio St., 84, that the proof must be clear and convincing, and good reasons are therefore given for the rule.
It would avail nothing to vacate the judgment, if the note should not be reformed, in case its terms actually hold Snyder Individually. What is the proof? Snyder is the only witness to support the petition with an exhibit or two, one being a former note which was renewed. He speaks positively on the subject, and says that the bank was told that the money was borrowed for the company and that it alone was to be liable, and that such was the agreement and understanding. He also says, that he had no knowledge that judgment had been taken as it had been, until May, 1896, when Mr. Dunn informed him of the fact.
In the defense, there- are two witnesses. Niles ‘testifies that the money was obtained on the credit of Snyder’s name, and that the bank would no longer loan on credit of the company. On pages 14 and 15 of the evidence, Niles flatly contradicts Snyder on this branch of the case, and he asserts it was Snyder’s name that got the money.
On the other branch of the case, as to when Snyder learned of the judgment, i't is stated by Niles that it was taken at Snyder’s request as there was some trouble between him and others, about Heusner, at the time, regarding the company’s *627 •affairs. He says Snyder wanted judgment taken at once and he would foot the bill for attorney fees, etc. Col. Bope, •attorney for the bank, states that just before the judgment was taken he was sent for and went to the bank, found •Snyder there, and Snyder requested judgment'to be taken •on the $5,000 note and he would stand good for fees. Snyder was then in trouble with Heusnér.
Geo. P. Pendleton, for Plaintiff in Error.
I. A. & R. V. Bope, for Defendant in Error.
Some time after judgment was taken, Col. Bope says he had another conversation .with Snyder about the judgment and about issuing execution on it. Sqyder represented that none should issue, and when the company’s affairs were settled, he would pay the judgment. The evidence of Niles and Bope is not only pertinent and positive as to the time when Snyderfirst knew of the judgment, but it reflects upon his knowledge as to whom the bank looked for payment. If their evidence is correct, Snyder was to be liable on the note and procured the rendition of the judgment, agreeing to pay the expenses. 'On 'the evidence before us, we can not grant the relief prayed for.
It was agreed, that as the note was written, it was but the note of the corporation, and hence the judgment as to Snyder should be vacated. A number of authorities have been cited to support this as the rule of commercial paper. The cases cited seem to uphold that view, but in Ohio, from Titus v. Kyle, 10 Ohio St., 444; Collins v. Insurance Co., 17 Ohio St., 215; Bank v. Cook, 38 Ohio St., 442, and Robinson v. Bank, 44 Ohio St., 441 [8 N. E. Rep., 583], we are furnished with a different construction of such instruments, and we are bound by the holdings in those cases.
We find for the defendant, and dismiss the petition with costs.

 Geo. F. Pendleton, for Plaintiff in Error, in the Supreme Court, cited:
Construction of written instruments — Operation: Harris v. Oil Co., 57 Ohio St., 118, 125, [48 N. E. Rep., 502]; Johnson v. Johnson, 51 Ohio St. 456, 457 [38 N. E. Rep. 61]; Titus v. Kyle, 10 Ohio St. *628 445, 446; Johnson v. Pierce, 16 Ohio St. 473, 477; Babcock, v. May, 4 Ohio, 334, 347.
Parol evidence not admissible: Cummings v. Kent, 44 Ohio St., 92, 97 [4 N. E. Rep. 710]; Robinson v. Bank, 44 Ohio St. 441 [8 N. E. Rep. 583]; Farr v. Ricker, 46 Ohio St., 265, 270 [21 N. E. Rep., 354].
As to corporate signature: Liebscher v. Kraus, 43 N. W. Rep., 166, [74 Wis., 387; 17 Am. St. Rep., 171]; Bean v. Mining Co., 6 Pac. Rep., 86 [66 Cal., 451; 56 Am. Rep., 106]; Draper v. Heating Co., 5 Allen, 338; Castle v. Belfast Foundry Co. 72 Me. 167; Falk v. Moebs, 127 U. S., 597 [8 S. Ct. Rep., 1319]; Scanlan v. Keith, 102 Ill., 634 [40 Am. Rep. 624]; Latham v. Houston Flour Mills, 68 Tex. 127; Northwestern Distilling Co. v. Brant, 69 Ill., 658 [18 Am. Rep., 631]. See also Haile v. Pierce, 32 Md., 327 [3 Am. Rep., 139]; Means v. Swormstedt, 32 Ind., 87 [2 Am. Rep., 330]; (And also the note of the editor at p. 332.) Lindus v. Melrose, 2 H. & N., 293; Carpented v. Farnsworth, 106 Mass., 561 [8 Am. Rep., 360]; Slawson v. Loring, 5 Allen, 340 [81 Am. Dec., 750]; Hovey v. Magill, 2 Conn., 680; 1 Daniel Negot. Inst., secs. 407, 408. And see secs. 398, 406. Angell and Ames on Corp., sec. 294.
The Ohio cases, Tiffin v. Shawhan, 43 Ohio St., 180 [1 N. E. Rep., 581], and Norris v. Dains, 52 Ohio St. 216 [39 N. E. Rep. 660; 49 Am. St. Rep. 716], are to the effect that in a deed or lease the granting clause to be effectual to transfer the property of the principal must be in the name of the principal, and not on its face the grant of the agent.
Signature by officers, etc.: Means v. Swormstedt, 32 Ind. 87 [2 Am. Rep., 331]. Liebscher v. Kraus, 43 N. W. Rep., 166 [74 Wis., 387; 17 Am. St. Rep. 171, 173; 5 L. R. A. 496]; Castle v. Foundry Co. 72 Me., 167 [39 Am. Rep., 300]; Draper v. Heating Co., 5 Allen, 338; Northwestern Distilling Co. v. Brant, 69 Ill., 658 [18 Am. Rep., 632, 633]; Simpson v. Garland, 72 Me., 40 [39 Am. Rep., 297]; 1 Parsons Notes & Bills, 168; Houghton v. Bank, 26 Wis. 663 [7 Am. Rep. 107]; Ballston Spa Bank v. Bank, 16 Wis. 120; Rockwall v. Bank, 13 Wis., 653; Sturges v. Bank 11 Ohio St. 153, 167 [78 Am. Dec. 296].
Action does not fall within either sec. 5354, Rev. Stat., nor within sec. 5363, Rev. Stat., but may be classed as a real action: Berkmeyer v. Kellerman, 32 Ohio St., 257 [30 Am. Rep., 577]; Long v. Mulford, 17 Ohio St., 508-9 [93 Am. Dec., 638]; Kingsborough v. Tousley, 56 Ohio St., 450 [47 N. E. Rep., 541]; Darst v. Phillips, 41 Ohio St., 514, 518-519; Conway v. Duncan, 28 Ohio St., 102, 105-106; Coates v. Bank, 23 Ohio St., 415, 431-434; Lockwood v. Mitchell, 19 Ohio, 448 [53 Am. Dec., 438]; Farr v. Ricker, 46 Ohio St., 269, 270 [21 N. E. Rep., 354].
The authorized judgment — Want of notice — Relief: Clay v. Edgerton, 19 Ohio St., 549, 555; Spoors v. Coen, 44 Ohio St., 497, 502, 503, 505 [9 N. E. Rep. 132]; Wehrle v. Wehrle, 39 Ohio St. 365, 466; Kingsborough v. Tousley, 56 Ohio St., 450 [47 N. E. Rep., 541].
Lien falls within sec. 4981, Rev. Stat., and is limited to six years: Seymour v. Railway Company, 44 Ohio St., 18, 19 [4 N. E. Rep., 236].
J. A. & E. V. Bope, for Defendant in Error, cited in the Supreme Court:
Proof must be clear and convincing to reform a contract: Farr v. Ricker, 46 Ohio St., 265, 269 [21 N. E. Rep., 354]; Collins v. Insurance Co., 17 Ohio St., 225; Olinger v. McGuffey, 55 Ohio St., 661 [48 N. E. Rep., 1115]; Titus v. Kyle, 10 Ohio St., 444.
*629 Directors or other members of a corporation signing as sureties of •corporation of which they are members, are more than mere sureties: Wise v. Miller, 45 Ohio St., 399 [14 N. E. Rep., 218].
Evidence to prove an instrument did not contain the true agreement, and to establish a contract materially different from that expressed cannot be admitted: Monnett v. Monnett, 46 Ohio St., 30 [17 N. E. Rep., 659]; Holzworth v. Koch, 26 Ohio St., 33; Neil v. Trustees, 31 Ohio St., 15; Denton v. Whitney, 31 Ohio St., 89; Anderton v. Shoup, 17 Ohio St., 125, 128; Collins v. Insurance Co., 17 Ohio St., 215, 223, 224. In the last two cases the rule is laid down; we think, that parol evidence is inadmissible to show that it was not the intention of the agent to make himself liable.
We have found but one case analogous to the case at bar or that seems to throw any authority or light upon .the question-: Yowell v. Dodd, 96 Am. Dec. 256 (3 Bush. 581); citing Whitney v. Sudduth, 4 Metcalf (Ky.), 296, and Pack v. White, 78 Ky. 243.
One of the latest authorities or decisions decided outside this state is th'at of McCandless v. Bell Plain Canning Co. 42 N. W. Rep., 635 [16 Am. St., 429; 78 Ia., 161].
Adding term “agent” to signature, merely descriptive: Liebscher v. Kraus, 43 N. W. Rep., 166 [74 Wis., 387; 17 Am. St. Rep., 171].
Liability — Determined by instrument itself: Draper v. Heating Co., 5 Allen, 338.
“We” does not mean one any more than the pronoun “I” means more than one: Reeve v. First National Bank, 54 N. J. L. 208 [33 Am. St. Rep. 675, 677; 16 L. R. A., 143]; Bean v. Pioneer Manufacturing Co. 6 Pac. Rep. 86 [56 Am. Rep. 106; 66 Cal. 451]; Randolph on Commercial Paper.
As illustrating some of the questions involved and showing in what cases parol testimony will and will not be received and when the signatures impute a personal obligation: Robinson v. Bank, 44 Ohio St., 441 [8 N. E. Rep., 583]; Bank v. Cook, 38 Ohio St., 442; Norris v. Dains, 52 Ohio St. 215, 225, 226 [39 N. E. Rep. 660; 49 Am. St. Rep. 716]; Heffner v. Brownell, 31 N. W. Rep., 947 [70 Ia., 591]; Matthews v. Mattress Co. 54 N. W. Rep. 225; 87 Ia. 246; [19 L. R. A. 676]; cited from Cook on Stock and Stockholders (3 ed.), sec. 724, p. 1103.
_ So that we have in this case the corporate seal and the corporate signature in one.
“Endorsement of a note by signing the corporate name without adding by whom the name is_signed, is good.”
Corporate seal — Any form or device sufficient if intent to bind corporation — Endorsement on corporate name: Cook on Stock and Stockholders, p. 1097 and notes; Second National Bank v. Martin, 48 N. W. Rep., 735 [82 Ia., 442].