No. 291912

# DEVONSHIRE FINANCIAL SERVICE CORPORATION

v.

## JOSEPH L. BURNS

(December 5, 1952)

*Tomasello, J.* Action in contract upon a promissory note endorsed on the back *"Pay to the order of Devonshire Financial Service Corporation without recourse in any event to the National Shawmut Bank.* (Signature) by S. L. Greene Asst. Mgr." Along with the defense of general denial the defendant set up an affirmative defense denying the endorsement.

The evidence discloses that the defendant signed the note introduced by the plaintiff and paid $10.00 on account of the same. That one Greene employed by the National Shawmut Bank of Boston as assistant manager of its Trust Department, signed his name, S. L. Greene Asst. Mgr. on the back of the note *after a default.*

The defendant's requests for rulings and the rulings of the trial judge from which he claims to be aggrieved are:

1. The language of the endorsement on the back of the note does not constitute an endorsement by the payee of the note to the plaintiff, and the plaintiff is not entitled to recover.

2. The plaintiff is not a holder in due course and is not entitled to recover.

[105]

3. If the plaintiff is a branch or subsidiary of the National Shawmut Bank and gave no consideration for endorsement, the plaintiff is not entitled to recover.

4. The plaintiff is not entitled to recover on the law and facts.

The trial judge in denying requests 1, 2, 3 and 4 found the following: "I find that the defendant signed this note and has only paid $10 on account of same, I find the balance is due. I find that the note was endorsed by an agent of the original payee."

Upon the entire evidence the trial judge was warranted in finding that the plaintiff was a holder in due course and that the note was endorsed by an agent of the original payee. Being the possessor of the note the plaintiff was deemed *prima facie* to be the holder in due course.

G. L. (Ter. Ed.) c. 107, § 82; *Linsky* v. *Bay Machinery Co., Inc.*, 266 Mass. 139; *Farber* v. *Sackett*, 255 Mass. 569.

As such a holder in due course there was nothing disclosed in the evidence which required it to investigate to ascertain whether the endorsement of the check was authorized. *McLaughlin* v. *Paine Furniture Co.*, 245 Mass. 377. As between the plaintiff and the endorser both parties had faith in the signature that purported to be that of the National Shawmut Bank of Boston. *National Shawmut Bank* v. *Fidelity Mutual Life Insurance Co.*, 318 Mass. 142, 145. Only defences personal to the defendant could be considered since defences between indorser and indorsee are not available to the maker or drawer in an action by the indorsee on the instrument. *Ahern* v. *Towle*, 310 *Mass*. 695, 702. There was no evidence to sustain any of the defences alleged by the defendant.

The judge properly ruled in substance that the endorsement was complete and regular on its face and that the endorsement was authorized. *Chipman* v. *Foster*, 119 Mass. 189; *Carpenter* v. *Farns-*

*worth,* 106 Mass. 561; *Berenson* v. *London & Lancashire Fire Insurance Co.,* 201 Mass. 172.

*Report dismissed.*

Dwight B. McCormack, for the Plaintiff.

Joseph L. Burns, for the Defendant.