Crew, J.
The only question argued by counsel, or presented by the record in this case, is: Did the plaintiff in error, D. B. Aungst, by executing the note set out in the foregoing statement of facts, in manner and form as the same was executed by him, thereby make himself personally liable thereon as a *553 maker of said note? On the trial of this cause before the justice the note itself was introduced in evidence, and testimony was offered, and received without objection, from which it fairly appears that at the time of the execution and delivery of said note, The Akron White Sand & Stone Company was a corporate company, that D. B. Aungst was at that time president of said company, and L. K. Mihills was its secretary and treasurer. The above was the only evidence in the case bearing upon the question here involved, and from the facts thus shown the liability, or non-liability, of D. B. Aungst upon the instrument in suit, must be determined. It is undoubtedly, an accepted principle of commercial law, and a general rule of the law of contracts, that where an agent signs a negotiable instrument by affixing thereto his own signature without adding the name of the principal for whom he acts, the agent so signing is himself personally bound on such instrument, although he affixes to his signature the word “agent.” Such suffix, under such circumstances, being generally considered and held to be mere descriptio personae. And the rule is the same where an officer of a corporation without signing the corporate name of the company for whom he acts, subscribes a promissory note in his own name affixing to his signature his official title or designation, such as president, secretary, or treasurer. This rule of interpretation is, in a sense, one of necessity, and rests on the presumption that the party thus signing a negotiable instrument intends, by the execution of such instrument, to bind somebody thereon as promisor or principal, and no promisor appearing thereon except the agent or person so signing, the law, in order that the instrument may have effect, construes it to be the note or obli *554 gation of the person subscribing it, for otherwise, nothing appearing in the body of the note to indicate the maker, the instrument would be a mere nullity. But where a promissory note is signed by the proper officer of a corporation in the corporate name, and underneath the corporate name he signs his own name, affixing thereto his appropriate official title as an officer of said corporation, in the absence of anything in the body of the instrument requiring a different construction, such note will be construed and held to be the note of the corporation only, and not the note of the officer so signing, or the joint note of such officer and the corporation. This rule of interpretation rests, we think, upon sound reason, and is abundantly supported by the weight of authorities. The corporate act of signing a promissory note, necessarily requires the hand of an agent, — it must be done by a natural person, — and where the proper officer of a corporation, acting as its agent, executes a promissory note by signing the name of the corporation, and underneath that his own name, to which he appends his official title, the instrument thus executed, on its face, raises the implication of corporate liability, and sufficiently shows the relation of the parties whose signatures appeár thereto, to be that of principal and agent. In other words, such instrument so executed, “wears no mask, but reveals its character upon its face.” While perhaps the best and most accurate mode for an agent to adopt in signing a bill or note for his principal, where he means to make the latter, and not himself, personally responsible thereon, is to sign the same A. B., by his agent, C. D., or A. B. by C. D. However it is not absolutely essential to the validity of the instrument as the obligation of the *555 principal, nor indispensably necessary to the agent’s exemption from personal liability, that the signature should assume this exact form. Whether or not a bill or note has been executed by a party in his individual or representative capacity, is in each particular case, a question to be determined from a consideration of the whole instrument. And if, giving full effect to all the terms in which the contract is expressed, it plainly appears from the instrument itself that the true object and intent" of its execution is to bind the principal and not the agent, courts will adopt that construction of it, however informally that intention may be expressed. Judge Story, in his valuable work on Agency (eighth edition) at section 155, states the rule thus: “If from the nature and terms of the instrument it clearly appears, not only that the party is an agent, but that he means to bind his principal and to act for him, and not to draw, accept, or indorse the bill on his own account, that construction will be adopted however inartificial may be the language, in furtherance of the actual intention of the instrument.” But it is contended by counsel for defendant in error in the present case, that the note here in question, because of the language employed in the body of the instrument itself, — imports, on its face, an undertaking on the part of all whose names are signed thereto, that they will be bound thereon, and that in terms it imposes upon each a personal liability as a maker of said note. Counsel assume that the use of the words “we promise to pay” in the body of the instrument, is conclusive of the fact that this note is, and was intended to be, the joint note of The Akron White Sand & Stone Company, L. K. Mihills and D. B. Aungst. We do not think so; and in our judg *556 ment no such controlling effect can properly be given these words. The word “we” when used in a promissory note, does not always, or necessarily, imply a plurality of makers, and it is often used, as will appear from many of the cases cited in this opinion, to designate or describe a corporation aggregate. It is said in Randolph on Commercial Paper, sec. 143, that, “ ‘We promise’ seems the natural form of words for a corporation’s promise, if the name itself is not used in the body of the note.” In discussing this form of promise, in the case of Bean v. Pioneer Mining Co. et al., 66 Cal., 453, the court says: “The promissory note on which it is sought to charge the defendant, Mason, personally, is signed, ‘Pioneer Mining Company, — John E. Mason, Sup’t.’ The note reads, ‘We promise to pay,’ and not ‘The Pioneer Mining Company promises to pay.’ The seal of the corporation is not attached. It is insisted by appellant that the instrument’ is the note of the company and Mason; that the words, ‘we promise to pay’ clearly establish this. But the question is not to be determined merely by reference to rules of grammar. If the note was signed unmistakably by the company, and the company alone, we could see that the mistake which would make the collective ‘company’ the nominative instead of the corporate name, might easily have occurred. It must be conceded that-if the note had been signed ‘Pioneer Mining Company by John E. Mason, Superintendent,’ and the superintendent had power to execute notes of the corporation, it would be the note of the corporation, notwithstanding the words ‘We promise.’ If we reject the words subscribed to the note in suit, ‘John ■ E. Mason, Sup’t,’ whose note is it? Would the words ‘Pioneer Mining Company,’ not accompanied *557 by any words indicating by whom they were written, establish a liability on the part of the company? Immediately below the words is written ‘John E. Mason, Sup’t.’ Shall we say the omission of the word ‘by’ or ‘per’ renders the instrument unmistakably the note of Mason?” The court answered in the negative, and held that the note in suit was not the note of Mason, and that he was not bound thereon. In Draper v. Massachusetts Steam Heating Co. and another, 5 Allen, 338, the note in suit read “We promise to pay,” and the signing was similar to that in the case at bar, viz.: “Mass. Steam Heating Co. — L. L. Fuller, Treasurer.” Hoar, J., in the opinion in that case, says: ‘ ‘ The name of the company is signed to the note. This signature could not be made by the corporation itself and must have been written by some officer or agent. It was manifestly proper that some indication should be given by whom the signature was made, as evidence of its genuineness; and Fuller added his own name with the designation of Ms official character. It would have been better if the name of the principal had been inserted in the body of the contract as the contracting party; or if the word ‘by’ had preceded Fuller’s name in the signature. But we think the omission to do this does not change the apparent character of the instrument, and that the whole taken together shows it to be the signature of the Massachusetts Steam Heating Company, and not of Fuller.” In Atkins v. Brown, 59 Me., 90, the note was, “we promise to pay,” etc., and signed “Augusta Shovel Co. — A. D. Brown, Pres.” In Castle v. Belfast Foundry Company, 72 Me., 167, it was, “We promise,” etc., and signed: “Belfast Foundry Company, — W. W. Castle, President.” In Latham, *558 Admr. v. Houston Flour Mills, 68 Tex., 127, the note was, “We promise to pay,” etc., and signed “Houston Flour Mills Co., D. P. Shepherd, President. ’ ’ In Reeve v. First National Bank of Glassboro, 54 N. J. Law, 208, the note in suit read, “We promise to pay,” etc., and was signed: “Warrick Class Works, J. Pierce Warrick, Pres’t.” In Liebscher v. Kraus, 74 Wis., 387, the note was: “We promise to pay,” etc., signed “San Pedro Mining and Milling Company, F. Kraus, President.” In Miller v. Roach, 150 Mass., 140, the syllabus is as follows: “A promissory note reciting in the body thereof, ‘we promise to pay,’ but with nothing there to indicate to whom ‘we’ referred, bore upon its face in the usual place of signing, the name ‘John Roach,’ beneath which was written ‘Treasurer,’ and had in addition the impression stamped upon it of a large circular corporate seal, around the outer edge of which appeared in print, ‘New York Skating Rink Construction Company,’ and in the center of it ‘Incorporated 1884,’ so placed that the circumference passed through the final letter of' ‘Roach’ and through the word ‘Treasurer.’ Held, that the note was the note of the company.” In all of the above cases the notes were held to he unambiguous, and to he the notes of the corporations alone. In Liebscher v. Kraus, supra, Orton, J., in his opinion says: “Here the corporation could not sign its own name, and it is not otherwise shown on the face of the note than that Kraus signed the corporate name, and by adding the word ‘President’ to his own name he shows conclusively that as president of the corporation he signed the note, and not otherwise. Such is the natural and reasonable construction of these signatures, and so it would he generally *559 understood. The affix, cashier, secretary, president, or agent, to the name of the person sufficiently indicates and shows that such person signed the bank or corporate name, and in that character and capacity alone. The use of the word ‘by’ or ‘per’ or ‘pro’ would not add to the certainty of what is thus expressed. It is not common to use these words in commercial business. It is sufficiently understood that the paper is signed by the officer or agent named, and for the corporation.” We might multiply the citation of authorities almost indefinitely, but the foregoing, we think, are sufficient to show the general rule adopted and followed by the courts of last resort, in the construction and interpretation of instruments signed, as is the one here in suit. The decisions of this court, cited by counsel for defendants in error, are not, we think, in conflict with the current of authority above noted. But restricted to the particular facts upon which these decisions rest, in the cases cited, the Ohio cases are clearly distinguishable from the case at bar. In neither of them was the controlling question, presented in the present case, involved or determined, for in neither was the name of the principal signed to the instrument which was the subject of suit in the particular action.
Our conclusion in the present case is, that the note in controversy is on its face, the note of The Akron White Sand & Stone Company, and not the note of D. B. Aungst, and that D. B. Aungst is not bound thereon. The judgment of the circuit court is accordingly reversed, and final judgment will be entered herein for the plaintiff in error, D. B. Aungst.

Judgment reversed.

Price, Summers and Spear, JJ., concur.