ANN HANEY, Secretary Department of Regulation and Licensing
Your predecessor posed the following question:
 May a city or village engineer who is not registered as a land surveyor under Chapter 443, Stats. perform the services described in s. 59.635, Stats.
 In my opinion the answer is yes. *Page 186 
Section 443.02 (1)(a), Stats., prohibits the practice of land surveying except by those who have been issued a certificate of registration or granted a permit to practice. Section 443.02
(1)(b), Stats., defines land surveying as:
 [A]ny service comprising the determination of the location of land boundaries and land boundary corners; the preparation of maps showing the shape and area of tracts of land and their subdivisions into smaller tracts; the preparation of maps showing the layout of roads, streets and rights of way of same to give access to smaller tracts; and the preparation of official plats, or maps, of said land in this state.
Section 59.635 (2), Stats., deals with persons who intend to cover up landmarks, monuments, or corner posts. Those persons are required to give notice to the county surveyor and to the city or village engineer. The subsection continues:
 The county surveyor, upon receipt of said notice, shall within a period of not to exceed 30 working days, either by himself or by a deputy, or by the city or village engineer make an inspection of said landmark, and, if he deems it necessary because of the public interests to remove said landmark, he shall erect 4 or more witness monuments or, if within a municipality, may make 2 or more offset marks at places near said landmark, and where they will not be disturbed. He shall make a survey and field notes giving a description of the landmark and the witness monuments or offset marks, stating the material and size of the witness monuments and locating the offset marks, the horizontal distance and courses in terms of the references set forth in s. 59.60 (2) that the witness monuments bear from the landmark and, also, of each witness monument to all of the other witness monuments . . . . The county surveyor upon completing the survey shall make a certified copy of the field notes of the survey and record it as provided under s. 59.60. The city or village engineer upon completing the survey shall record the notes in his office, open to the inspection of the public, and shall file a true and correct copy with the county surveyor.
It is critical to note that the county surveyor is to perform the survey either by himself, by a deputy, or by the city or village engineer. The word "by" was inserted by ch. 499, sec. 9, Laws of 1969. Prior to *Page 187 
that amendment, the subsection provided that the survey could be performed by the county surveyor or the city or village engineer. The 1969 amendment in section 9 also added the last words quoted above, viz., that the engineer "shall file a true and correct copy with the county surveyor."
This legislative history demonstrates that the city or village engineer is not authorized to make an independent survey under sec. 59.635 (2), Stats. Whereas the engineers had that power prior to the 1969 amendment, the effect of the amendment is to make the survey that of the surveyor although performed by the engineer. The engineer, therefore, acts under the supervising authority of the county surveyor in this limited area. Not only is the supervising authority illustrated by the engineer's duty to file his notes with the surveyor and that only the surveyor's notes may be recorded under sec. 59.60, Stats., but also the word "by" in the 1969 amendment imports agency, see Liebscher v.Kraus, 74 Wis. 387, 390, 43 N.W. 166 (1889), and Stevenson v. LeeMoor Contracting Co., 45 N.M. 354, 115 P.2d 342, 349 (1941), and reflects the Legislature's intent that the engineer serve only as the agent of the surveyor and under his/her direction and control.
As regards the supervisory requirements imposed on land surveyors by the Examining Board of Architects and Professional Engineers see Wis. Adm. Code section A-E 4.004. A registered land surveyor is always subject to statutory and examining board requirements, of course. Failure on the part of the county land surveyor to exercise the required standard of supervision, as determined by the examining board on a case-by-case basis, may constitute misconduct as defined in Wis. Adm. Code section A-E 4.003 (3) (a).
At the time of the 1969 amendment there also was in effect the same statutory prohibition on the practice of land surveying by those who are uncertified as is now contained in sec. 443.02 (1) (a), Stats. Section 1 of the 1969 amendment expressly required that the county surveyor be a "registered land surveyor." The express mention of the registration requirement for county surveyors in section 1 impliedly excludes that requirement for city and village engineers when acting pursuant to section 9 of the same enactment. Accordingly, I conclude that when acting under sec. 59.635 (2), Stats., the city or village engineer is not engaged in the independent practice of land surveying. *Page 188 
Your predecessor also inquired into the validity of a model ordinance for local units of government proposed by the Southeastern Wisconsin Regional Planning Commission acting under sec. 66.945, Stats. Specifically, the question posed is whether an ordinance can empower a city or village engineer to examine final land subdivision plats and make field checks for the determination of survey accuracy without unlawfully infringing on the licensure requirements for land surveyors.
Unquestionably, a local ordinance purporting to authorize a violation of a state licensure law is void. Whether there is such a violation in the proposed ordinance falls within the expertise of the Examining Board of Architects and Professional Engineers. Although licensure in engineering does not ipso facto constitute licensure as an architect or land surveyor, these three skilled professions frequently so overlap that the identical service may fall within the licensure of more than one of them. See
5 Am.Jur. 2d Architects sec. 3, p. 665; 6 C.J.S. Architects sec. 6, pp. 470-471; and 53 C.J.S. Licenses sec. 30, p. 561, n. 32. The question calls for an understanding of the overlapping functions of engineers and land surveyors as well as the overall legislative policy in the licensure laws. The Legislature has vested the initial decision-making power in this respect to the Board, and the Board has power to make a declaratory ruling on a proper petition. See sec. 227.06 (1), Stats. In these circumstances, it would be inappropriate for me to render an opinion on the question posed. See 63 Op. Att'y Gen. 591 (1974).
BCL:CDH